[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. McNeal*, Slip Opinion No. 2022-Ohio-2703.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2703

THE STATE OF OHIO, APPELLEE, *v*. MCNEAL, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. McNeal*, Slip Opinion No. 2022-Ohio-2703.]

*Criminal law—Crim.R. 33(B)—Motion for leave to move for a new trial—Crim.R. 33(B) permits a defendant in a criminal case to move for a new trial within the periods specified in the rule but excuses a defendant's failure to file a timely motion when the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from filing the motion within the prescribed time—Defendant's motion for leave to move for a new trial made a prima facie showing that the state suppressed evidence favorable to him that tended to disprove an element of the rape charge of which he was convicted and tended to impeach the victim's testimony—Defendant established a prima facie case that he was unavoidably prevented from moving for a new trial within the time specified in Crim.R. 33(B) due to the state's suppression of the evidence—Court of appeals' judgment reversed, and cause remanded to the trial court with instructions for it to grant*

*defendant's motion for leave to move for a new trial.*

(No. 2021-0744—Submitted May 10, 2022—Decided August 9, 2022.)

APPEAL from the Court of Appeals for Montgomery County,

No. 28885, 2021-Ohio-1520.

_____

**KENNEDY, J.**

**{¶ 1}** In this discretionary appeal from a judgment of the Second District Court of Appeals, we consider whether the trial court erred in denying appellant Tracy K. McNeal's motion for leave to move for a new trial, which asserted that he was unavoidably prevented from filing a timely motion for a new trial due to the prosecution's failure to disclose material evidence prior to his criminal trial. We are not asked to pass on the merits of McNeal's entitlement to a new trial—that issue is not properly before this court. *See State v. Bethel*, ___ Ohio St.3d ___, 2022-Ohio-783, ___ N.E.3d ___, ¶ 41.

**{¶ 2}** Crim.R. 33(B) permits a defendant in a criminal case to move for a new trial within the time specified in the rule. However, it excuses the defendant's failure to file a timely motion for a new trial if the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from filing the motion within the specified time. One way that a defendant may satisfy the "unavoidably prevented" requirement contained in Crim.R. 33(B) is by establishing that the prosecution suppressed the evidence on which the defendant would rely when seeking a new trial. *Bethel* at ¶ 25, 59.

**{¶ 3}** McNeal's motion for leave to move for a new trial established a prima facie case that the state suppressed evidence that tended to disprove an element of the rape charge of which McNeal was convicted and tended to impeach the victim's testimony that her consumption of alcohol substantially impaired her ability to resist or consent to sexual conduct with McNeal. The state failed to respond to McNeal's motion and did not rebut his prima facie case. Because McNeal

2

established a prima facie case that he was unavoidably prevented from moving for a new trial within the time specified in Crim.R. 33(B), the trial court abused its discretion in denying his motion for leave to move for a new trial. For this reason, we reverse the judgment of the court of appeals and remand this matter to the trial court with instructions for it to grant McNeal's motion for leave to move for a new trial.

## Facts and Procedural History

**{¶ 4}** On September 29, 2014, McNeal, his wife Leesa, and their four children were temporarily residing with C.R. in her two-bedroom apartment in Dayton, Ohio. That evening, C.R., McNeal, Leesa, C.R.'s sister Samantha, and Samantha's husband Matt consumed alcohol together in C.R.'s apartment. C.R. became intoxicated and began throwing up, and Leesa and Samantha carried C.R. to her bedroom and put her in bed. Samantha continued to check on C.R. for the next one and a half hours before she and Matt returned to their nearby apartment.

**{¶ 5}** According to C.R., that night, she was "knocked out," "really, really drunk," and so drunk that she did not know what she was doing and could not consent to sex. She testified that she awoke to someone roughly dragging her down the bed by her feet and then flipping her over, but that she passed in and out of consciousness. C.R. awoke again to find herself "wet and sticky" between her legs, which she understood to mean that someone had had sexual intercourse with her.

**{¶ 6}** Around that time, Samantha returned to C.R.'s apartment and saw McNeal in C.R.'s bedroom doorway, naked from his waist to his lower legs and pulling the door shut behind him. After returning to her own apartment for a short time, Samantha went back to C.R.'s apartment and entered C.R.'s bedroom. C.R. asked Samantha who had been in the bedroom with her. When Samantha replied that McNeal had been in the room with C.R., C.R. said that McNeal had had sexual intercourse with her.

**{¶ 7}** The state charged McNeal with rape in violation of R.C.

2907.02(A)(1)(c), which prohibits a person from engaging in sexual conduct with another whose "ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age," along with a repeat-violent-offender specification. The trial court severed that count from another count in the indictment that is not at issue here, and the matter proceeded to trial. The jury found McNeal guilty of rape, the trial court found him guilty of the repeat-violent-offender specification, and the court sentenced him to 11 years in prison for the rape offense, to be served consecutively to a 9-year prison term for the specification.

{¶ 8} The Second District Court of Appeals affirmed McNeal's conviction, rejecting his challenges to the trial court's ruling that the rape-shield statute prohibited him from inquiring as to whether C.R. falsely accused him of rape based on her sexual interest in his wife. *State v. McNeal*, 2d Dist. Montgomery No. 28123, 2019-Ohio-2941, ¶ 30, 46. It also rejected McNeal's claims that he received ineffective assistance of counsel, *id.* at ¶ 65, that his conviction was not supported by sufficient evidence, *id.* at ¶ 74, and that his conviction was against the manifest weight of the evidence, *id*. at ¶ 81-82.

{¶ 9} On February 12, 2020, McNeal filed in the trial court a motion for leave to move for a new trial. He asserted that he had recently received a laboratory report from the Dayton Police Department pursuant to a public-records request and that the report indicated that C.R. had had no detectable amount of alcohol in her bloodstream approximately three and a half hours after the alleged rape was said to have occurred. McNeal contended that the state had failed to produce this report in discovery, and he supported that contention with the affidavit of his trial counsel, who averred that the laboratory report was not disclosed by the prosecution. McNeal argued that this undisclosed evidence was exculpatory because it showed that C.R. was not substantially impaired at the time of the alleged rape. The state did not respond to McNeal's motion.

**{¶ 10}** Without conducting a hearing, the trial court overruled McNeal's motion for leave to move for a new trial. The court reasoned that "although the test results appear to show that the presence of alcohol was not detected at the time the test occurred, the victim's blood was positive for THC, and her urine was positive for Benzodiazepines." It determined that "notwithstanding any testimony regarding the lack of alcohol present, the jury could just as easily find that the victim was substantially impaired because of the other substances present in her blood and urine." The court also concluded that "[t]he State cannot be expected to disclose evidence that it does not have and of which it is not aware."

**{¶ 11}** The Second District affirmed the trial court's decision. The appellate court concluded that because "McNeal was aware of the testing from at least the first day of his trial, his motion for leave was untimely, and he could not establish by clear and convincing evidence that he was unavoidably prevented from discovering the evidence; the evidence also was not new evidence." 2021-Ohio-1520, ¶ 33. Although it acknowledged McNeal's argument "that the lab report could only be obtained by means of a post-trial public records request," the court stated that "he apparently made no such request in a timely manner." *Id.* The court further reasoned that because McNeal had failed to request disclosure of the laboratory report, "it [could] not conclude that the State failed to disclose material evidence upon McNeal's request." *Id.* It also concluded that the laboratory report "was not necessarily exculpatory or impeachment evidence" that had to be disclosed by the prosecution, because C.R. "testified at trial that she drank alcohol, smoked marijuana, and took Klonopin, an anti-anxiety medicine," and the report revealed that components of marijuana and Klonopin were found in C.R.'s blood or urine, so "the test results would [not] have altered the outcome of McNeal's trial." *Id.* Lastly, the court of appeals concluded that McNeal's motion for leave was barred by res judicata. *Id.*

**{¶ 12}** We accepted McNeal's appeal to review a single proposition of law:

"A trial court should grant leave to file a new trial motion pursuant to Crim.R. 33(B) when a defendant has obtained *Brady* material through a posttrial public records request made to a police department, and has demonstrated a reasonable probability that the withholding of that *Brady* material at trial affected the defendant's substantial rights." *See* 164 Ohio St.3d 1419, 2021-Ohio-2923, 172 N.E.3d 1042.

## Law and Analysis

### *Standard of Review*

{¶ 13} A trial court's ruling on a motion for leave to move for a new trial is reviewed for an abuse of discretion. *See State v. Hawkins*, 66 Ohio St.3d 339, 350, 612 N.E.2d 1227 (1993) ("The decision to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court and, absent an abuse of discretion, that decision will not be disturbed"); *accord State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37 (explaining that "[t]he trial court acts as the gatekeeper for [motions for a new trial] and, using its discretion, can limit the litigation to viable claims only"); *State v. Hessler*, 90 Ohio St.3d 108, 124, 734 N.E.2d 1237 (2000) (applying the abuse-of-discretion standard to review a trial court's denial of a motion for a new trial without conducting an evidentiary hearing). But as we recently explained in *Johnson v. Abdullah*, "courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 39. Instead, we review questions of law de novo. *Id.* at ¶ 38.

### *Crim.R. 33*

{¶ 14} Crim.R. 33(A) provides the grounds on which a trial court may grant a defendant a new trial, which include:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which

6

the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is contrary to law;

(5) Error of law occurring at the trial; [and]

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial.

{¶ 15} Crim.R. 33(B) requires the defendant to move for a new trial within 14 days of the date of the jury's verdict in a jury trial or the trial court's decision in a bench trial. But when a new-trial motion is premised on newly discovered evidence, the defendant must file the motion within 120 days of the date of the jury's verdict or the trial court's decision in a bench trial. It is undisputed that McNeal failed to move for a new trial within either of the periods set forth in the rule.

{¶ 16} Crim.R. 33(B) excuses a defendant's failure to move for a new trial within the 14- or 120-day deadline, as applicable, if the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from discovering the evidence on which the motion would be based within that time. When the defendant makes that showing, the motion for a new trial must be filed within seven days of the trial court's order finding that the defendant was unavoidably prevented from discovering the evidence within the time prescribed by Crim.R. 33(B).

{¶ 17} As we recently explained in *Bethel*, "Crim.R. 33(B) does not give a deadline by which a defendant must seek leave to file a motion for a new trial based

on the discovery of new evidence." ___ Ohio St.3d ___, 2022-Ohio-783, ___ N.E.3d ___, at ¶ 53. In *Bethel*, we declined the invitation to read into the rule a requirement that a motion for leave be filed within a reasonable time after the new evidence is discovered. *Id.* at ¶ 58. We also determined that a defendant may satisfy the "unavoidably prevented" requirement contained in Crim.R. 33(B) by establishing that the prosecution suppressed the evidence on which the defendant would rely in seeking a new trial. *Bethel* at ¶ 25, 59.

**{¶ 18}** McNeal maintains that he was unavoidably prevented from discovering the laboratory report before the time limitation prescribed in Crim.R. 33(B) had expired because the state suppressed the report during the period before his criminal trial and until after the time limitation had expired.

**{¶ 19}** In *Brady v. Maryland*, the Supreme Court of the United States recognized that the prosecution has an affirmative duty to disclose evidence that is favorable to the accused and material to the accused's guilt or punishment. 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *see also Kyles v. Whitley*, 514 U.S. 419, 432, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). That "duty encompasses impeachment evidence as well as exculpatory evidence," *Strickler v. Greene*, 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), and "it encompasses evidence 'known only to police investigators and not to the prosecutor,' " *id*. at 280-281, quoting *Kyles* at 438. The *Brady* rule applies regardless of whether evidence is suppressed by the state willfully or inadvertently. *Strickler* at 282.

**{¶ 20}** The Supreme Court has explained that evidence is favorable to the accused when it is exculpatory or impeaching. *Id.* at 281-282. And "favorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " *Kyles* at 433, quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). A different result is reasonably probable "when the

government's evidentiary suppression 'undermines confidence in the outcome of the trial.' " *Id.* at 434, quoting *Bagley* at 678.

{¶ 21} The sole issue before the trial court and the appellate court in this case was whether leave to move for a new trial should be granted to McNeal because he was unavoidably prevented from timely moving for a new trial due to the state's suppression of evidence. *See Bethel*, ___ Ohio St.3d ___, 2022-Ohio-783, ___ N.E.3d ___, at ¶ 41 ("until a trial court grants leave to file a motion for a new trial, the motion for a new trial is not properly before the court"). The trial court instead addressed the merits of a motion for a new trial that McNeal never had the opportunity to file. It determined that the evidence that the state suppressed would not be outcome determinative because it showed that C.R.'s blood had tested positive for marijuana and her urine had tested positive for benzodiazepines, while C.R. testified that she had been prescribed and had taken the antianxiety drug Klonopin and had smoked marijuana on the night of the alleged rape, so the jury could have found that C.R. was substantially impaired by those substances. However, the question before the court was not whether sufficient other evidence supported the jury's verdict. A defendant establishes a *Brady* violation "by showing that the favorable [but suppressed] evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles* at 434. And here, C.R. testified that she was intoxicated only by alcohol, and there was no evidence presented that she had ingested an amount of prescription medication or marijuana sufficient to substantially impair her ability to resist or consent to sexual conduct.

{¶ 22} The trial court also concluded that the state did not suppress the evidence, because the state had not been aware of the laboratory report. But as explained above, it is irrelevant whether the prosecution's suppression of evidence that is favorable to a defendant was inadvertent, because the prosecution has "a duty to learn of any favorable evidence known to the others acting on the government's

behalf in the case." *Kyles*, 514 U.S. at 437, 115 S.Ct. 1555, 131 L.Ed.2d 490.

{¶ 23} The court of appeals determined that McNeal's motion for leave was untimely, explaining that because testimony at trial revealed that a nurse had taken blood and urine from C.R. for the purpose of having it tested by a crime laboratory, and "[because] the record reflects that McNeal was aware of the testing from at least the first day of his trial, his motion for leave was untimely." 2021-Ohio-1520 at ¶ 33. But as we recognized in *Bethel*, "criminal defendants have no duty to 'scavenge for hints of undisclosed *Brady* material.' " *Id.* at ¶ 24, quoting *Banks v. Dretke*, 540 U.S. 668, 695, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004). Rather, "[a] defendant seeking to assert a *Brady* claim * * * is not required to show that he could not have discovered suppressed evidence by exercising reasonable diligence." *Id.* at ¶ 25. And although the court of appeals concluded that McNeal failed to make his public-records request for the laboratory report within a reasonable time, as we explained in *Bethel*, Crim.R. 33(B) does not require a defendant in a criminal case to discover evidence suppressed by the state and then seek leave to move for a new trial within a reasonable amount of time, *Bethel* at ¶ 58.

{¶ 24} Here, McNeal asked for leave to move for a new trial based on the prosecution's failure to disclose laboratory test results that tended to both disprove an element of the offense for which he was convicted and to impeach C.R.'s testimony that she was substantially impaired by alcohol at the time that McNeal allegedly engaged in sexual conduct with her. He supported his motion with the affidavit of his trial counsel, who averred that the laboratory report was not disclosed in discovery. The state did not file a response to McNeal's motion, and McNeal's assertion that he was unavoidably prevented from filing a motion for a new trial within the periods specified in Crim.R. 33(B) went unrebutted. Based on the evidence in the record, the trial court abused its discretion in denying McNeal leave to move for a new trial.

**Conclusion**

{¶ 25} Crim.R. 33(B) permits a defendant in a criminal case to move for a new trial within the periods specified in the rule. However, the rule excuses a defendant's failure to file a timely motion for a new trial when the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from filing the motion within the prescribed time. One way that a defendant may satisfy the "unavoidably prevented" requirement in Crim.R. 33(B) is by establishing that the prosecution suppressed the evidence on which the defendant would rely when seeking a new trial.

{¶ 26} McNeal's motion for leave to move for a new trial made a prima facie showing that the state suppressed evidence favorable to McNeal that tended to disprove an element of the rape charge of which he was convicted and tended to impeach the victim's testimony that her consumption of alcohol substantially impaired her ability to resist or consent to sexual conduct with McNeal. The state did not respond to McNeal's motion for leave and rebut that prima facie showing. Because McNeal established a prima facie case that he was unavoidably prevented from moving for a new trial within the time specified in Crim.R. 33(B) due to the state's suppression of the evidence, the trial court abused its discretion in denying his motion for leave to move for a new trial.

{¶ 27} Consequently, we reverse the judgment of the Second District Court of Appeals and remand this case to the trial court with instructions for it to grant McNeal's motion for leave to move for a new trial.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and

Andrew T. French, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Craig M. Jaquith, Assistant Public Defender, for appellant.

_____