[Cite as *State v. King*, 2023-Ohio-1961.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King |
| -vs- | : |  |
|  | : |  |
| DENY KING | : | Case No. 2022CA00138 |
|  | : |  |
| Defendant-Appellant | : |  |
|  | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2019-CR-1460

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 14, 2023

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

KYLE STONE                                  STERLING E. GILL
Prosecuting Attorney                        1544 E. Broad St., Ste. 201
BY: LISA A. NEMES                           Columbus, OH 43203
Assistant Prosecutor
110 Central Plaza South, 5th Floor
Canton, OH  44702

*Gwin, P.J.*

{¶1} Appellant Michael Deny King ["King"] appeals from the September 20, 2022 Judgment Entry of the Stark County Court of Common Pleas overruling his motion for leave to file a motion for a new trial.

*Facts and Procedural History*

{¶2} On February 12, 2020, King was found guilty by a jury of one count of aggravated murder, a violation of R.C. 2903.01(A), one count of felonious assault, a violation of R.C. 2903.11, and one count of having a weapon while under disability, a violation of R.C. 2923.13. The counts contained firearm specifications and repeat offender specifications. The trial court sentenced King on February 18, 2020, and issued a judgment entry on March 6, 2020.

{¶3} King appealed his convictions and sentence to this Court, arguing: (1) the verdict was against the manifest weight of the evidence; (2) the verdict was insufficient as a matter of law; and (3) the trial court's sentencing was in error, depriving King of his constitutional rights. In *State v. King*, 5th Dist. Stark No. 2020 CA 00064, 2021-Ohio-1636, this Court overruled King's assignments of error and affirmed King's convictions and sentence.

{¶4} On August 6, 2021, King filed an application for reopening of his direct appeal pursuant to Appellate Rule 26, arguing ineffective assistance of appellate counsel. King listed four assignments of errors that were not considered on appeal due to appellate counsel's alleged deficient performance. First, King alleged appellate counsel should have argued that trial counsel was ineffective. King stated trial counsel was ineffective for the following reasons: he failed to conduct a meaningful pre-trial investigation, he

failed to object to prejudicial testimony, he failed to request a self-defense instruction, he failed to view the entire video of the incident, and he failed to object to alleged prosecutorial misconduct. Second, King asserted appellate counsel failed to assign as error the trial court's incorrect placement of the burden on appellant on his self-defense claim. Third, King argued his appellate counsel should have included prosecutorial misconduct as an assignment of error. Finally, King asserted appellate counsel was ineffective for failing to assign as error that the trial court abused its discretion in not declaring a mistrial.

{¶5} This Court issued a detailed denial of King's application for reopening of his direct appeal on September 29, 2021. King appealed our denial of his application to reopen to the Ohio Supreme Court. The Ohio Supreme Court declined jurisdiction of King's appeal in *State v. King*, 165 Ohio St.3d 1524, 2022-Ohio-258, 179 N.E.3d 1287 (Table).

{¶6} On April 30, 2021, King filed a petition for post-conviction relief. In his petition, King listed three grounds for relief. First, King alleges his trial counsel was ineffective for failing to conduct a meaningful pre-trial investigation. Specifically, King states his counsel failed to present the fact that many of the state's witnesses had criminal records, including Mr. Garner. Second, King asserts his trial counsel was ineffective for failing to have an expert independently examine the video recording of the events at the bar on the night of the incident. Third, King contends his case was compromised because the victim's family and friends were dining in direct proximity to the jurors on February 11, 2020.

{¶7} The trial court issued a judgment entry on November 9, 2021, denying and dismissing King's petition. This Court overruled each assignment of error and affirmed the trial court's denial of King's petition for post-conviction relief. *State v. King,* 5th Dist. Stark No. 2021CA00140, 2022-Ohio-676. The Ohio Supreme Court decline to accept King's appeal. *State v. King,* 167 Ohio St.3d 1408, 2022-Ohio-2407, 188 N.E.3d 1102 (Table).

{¶8} On September 7, 2022, King filed a motion for leave to file a motion for new trial based on newly discovered evidence. [Docket Entry No. 69]. On September 9, 2022, King filed a corrected motion for leave to file delayed motion for new trial to correct scrivener's errors in the original motion. [Docket Entry No. 70]. In his motion, King contended that he recently became aware that the reporter who had been authorized to cover King's jury trial for the local newspaper had recorded video footage of the trial and published it on his personal Twitter account. King claimed that more than one year after the jury trial, someone contacted King's significant other and asked her if she was aware that portions of the jury trial were on Twitter before the jury deliberated. *Corrected Motion for Leave to File Delayed Motion for New Trial,* filed Sept. 9, 2022 at 3. [Docket Entry No. 70]. King then indicated that DC Audio Visual Surveillance was contacted. An affidavit from the CEO of that company attached to King's motion averred that he had been contacted on August 31, 2022, and was able to locate the footage of two "tweets" that were published on Twitter on February 11, 2020. Id. at Exhibit E.

{¶9} One tweet appears to contain a video clip along with the description, "Video surveillance was played for jurors in the trial of Deny L King, who is charged with aggravated murder in the June 27 shooting death of [J.C.] at the Brick City Lounge

in Canton Township." Id. at Exhibit D.  The other tweet appears to consist of a photograph and contains the description "Stark County Assistant Prosecutor [K.M.] cross examines Deny King." Id. at Exhibit D.

{¶10}  The state filed a response to King's motion on September 16, 2022, contending that both the tweets and the trial court's grant of media permission were readily discoverable, and King's claim that he did not become aware of them until two and a half years after trial does not transform those tweets into "evidence" King was "unavoidably prevented" from discovering.  *Brief in Opposition to Motion for Leave to File Motion for New Trial,* filed Sept. 16, 2022 at 4-5 [Docket Entry No. 71].

{¶11}  The trial court denied King's request for leave to file a motion for new trial, finding that "while King may have only recently become aware of the [t]weets, he would have found them at any time with minimal effort [,]" and concluding the "evidence" was not undiscoverable simply because it was not obtained sooner.

*Assignments of Error*

{¶12}  King raises three Assignments of Error,

{¶13}  "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY VIOLATING SUP.R. 12(C)(2): CONDITIONS FOR BROADCASTING AND PHOTOGRAPHING COURT PROCEEDINGS.  (C) LIMITATIONS WHICH STATES: (2) THE JUDGE SHALL INFORM VICTIMS AND WITNESSES OF THEIR RIGHT TO OBJECT TO BEING FILMED, VIDEOTAPED, RECORDED, OR PHOTOGRAPHED.

{¶14}  "II. APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE

CONSTITUTION OF THE UNITED STATES WHEN COUNSEL FAILED TO MAKE HIM AWARE THAT APPELLANT WAS BEING RECORDED WITH A LIVE TWITTER FEED DURING APPELLANT'S ROLE AS A WITNESS.

{¶15} "III.    TRIAL COURT'S DECISION VIOLATED THE OHIO SUPREME COURT'S HOLDING IN *STATE V. BETHEL*, 167 OHIO ST.3D 362, 2022-OHIO-783."

{¶16} For ease of discussion we will address King's assignments of error out of sequence.

III.

{¶17} In his Third Assignment of Error, King maintains the trial court erred in denying him leave to file a motion for a new trial finding that he did not describe all investigative efforts undertaken within 120 days, nor did he explain why he was unavoidably prevented from discovering the evidence within 120 days.  [Appellant's brief at 6].

**Standard of Appellate Review**

{¶18} Crim.R. 33(A) states: "A new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights: * * * (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."

{¶19} Crim.R. 33(B) does not give a deadline by which a defendant must seek leave to file a motion for a new trial based on the discovery of new evidence.  *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶53, ¶55; *State v. McNeal,* 169 Ohio St.3d 47, 2022-Ohio-2703, 201 N.E.3d 861, ¶17; *State v. Ayers,* 5th Dist. Stark No. 2021CA00134, 2022-Ohio-1910, ¶113.

**{¶20}** Crim.R. 33(B) excuses a defendant's failure to move for a new trial within the 14- or 120-day deadline, as applicable, if the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from discovering the evidence on which the motion would be based within that time. Clear and convincing proof is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *In re Adoption of Holcomb,* 18 Ohio St.3d 361, 368, 481 N.E.2d 613(1985).

**{¶21}** The trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave. *State v. Hatton,* 169 Ohio St.3d 446, 2022-Ohio-3919, 205 N.E.3d 513, ¶30 (citations omitted). The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial. Id.

**{¶22}** A party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence. *State v. Bethel*, 2022-Ohio-783, ¶21. "Mere conclusory allegations do not prove that the defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." *State v. Cashin*, 10th Dist. Franklin No. 17AP-338, 2017-Ohio-9289, ¶17 (citations omitted). The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 12-MA-44, 2012-Ohio-

5360, ¶11. A defendant may satisfy the "unavoidably prevented" requirement contained in Crim.R. 33(B) by establishing that the prosecution suppressed the evidence on which the defendant would rely in seeking a new trial. *Bethel* at ¶ 25, 59; *McNeal* at ¶17.

**{¶23}** We review the trial court's ruling on a motion for leave to file a motion for a new trial under an abuse-of-discretion standard. *Hatton*, ¶29.

**Issue for Appellate Review**: *Whether the trial court abused its discretion in denying King's motion for leave to file a motion for a new trial*

**{¶24}** King has not offered any clear and convincing proof that he could not have learned of the existence of the tweets within the time prescribed by Crim. R. 33(B) in the exercise of reasonable diligence.

**{¶25}** In his motion, King simply asserts that he had no knowledge about the tweets until August 31, 2022 when he was told by his significant other. His statement is a conclusory allegation devoid of the detail needed to determine whether King exercised reasonable diligence. King's assertion, therefore, does not constitute clear and convincing evidence of unavoidable prevention. King's motion merely shows that he was unaware of the tweets, not that he could not have learned of the existence of the tweets within the time prescribed in the exercise of reasonable diligence.

**{¶26}** The tweets were readily discoverable and available online to any member of the public beginning February 11, 2020. Given the defendant's obligation to exercise reasonable diligence, the defendant cannot claim that evidence was undiscoverable simply because no one made efforts to obtain the evidence sooner. *State v. Graggs*, 10th Dist. No. 16AP–611, 2017–Ohio–4454, ¶ 15; *State v. Anderson*, 10th Dist. No. 12AP–133, 2012–Ohio–4733, ¶ 14. Moreover, contrary to King's assertion, the fact that he was

incarcerated does not establish that he was unavoidably prevented from discovering the tweets. King was informed of the tweets while he was incarcerated. King was able to retain a firm to document the tweets for use with his motion, while he was in prison. King was able to retain counsel to file the motion for leave on his behalf, in spite of the fact that he was incarcerated.

{¶27} In *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, cited by King, the defendant claimed that an investigation report that had been suppressed by the state indicated that someone else committed the offenses. Id. at ¶ 2. The defendant moved for leave to file a motion for a new trial and filed a successive petition for postconviction relief based on the alleged *Brady* violation. The trial court determined that it did not have jurisdiction to consider the petition for post-conviction relief, and the court of appeals affirmed that decision. Id. at ¶ 15.

{¶28} The Supreme Court noted that in order to meet the standard articulated in Section 2953.23(A)(1)(a), "courts in Ohio have previously held that a defendant ordinarily must show that he was unaware of the evidence he is relying on and that he could not have discovered the evidence by exercising reasonable diligence." Id. at ¶ 21. Observing that the court of appeals rejected the defendant's arguments because "[the defendant] should have conducted his own investigation to discover" the existence of the information at issue, the Supreme Court concluded that the burden placed upon the defendant by the lower courts "[was] inconsistent with *Brady*." Id. at ¶ 23-24. The Supreme Court rejected the requirement that a defendant exercise due diligence in *Brady* cases, holding that "when a defendant seeks to assert a *Brady* claim in an untimely or successive petition for post-conviction relief, the defendant satisfies the 'unavoidably prevented' requirement

contained in R.C. 2953.23(A)(1)(a) by establishing that the prosecution suppressed the evidence on which the defendant relies." Id. at ¶ 25.

**{¶29}** The court further explained that "[t]he 'unavoidably prevented' requirement in Crim.R. 33(B) mirrors the 'unavoidably prevented' requirement in R.C. 2953.23(A)(1)." Id. at ¶ 59, *citing State v. Barnes*, 5th Dist. Muskingum No. CT2017-0092, 2018-Ohio-1585, ¶ 28.

**{¶30}**    In the case at bar, no *Brady* violation has been alleged and, in any event, the state did nothing to suppress the tweets upon which King relies.

**{¶31}** We hold King failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering, within the prescribed time period, the evidence he is relying on to support his motion for leave to file a motion for a new trial.

**{¶32}**   Accordingly, the trial court did not abuse its discretion in denying King's motion for leave to file a delayed motion for new trial.

## I & II.

**{¶33}** In his First Assignment of Error, King argues the trial judge committed prejudicial error by violating Sup.R. 12(C)(2) because he was not informed that he was being recorded while he was testifying.

**{¶34}** In his Second Assignment of Error, King contends he was denied his right to effective assistance of counsel when counsel failed to make him aware that he was being recorded with a live Twitter feed during King's testimony at trial.

**{¶35}** In *State v. Hatton,* 169 Ohio St.3d 446, 2022-Ohio-3919, 205 N.E.3d 513 the Supreme Court was explicit that Crim.R. 33(B) is a two-step procedure.  Id. at ¶ 32. The Supreme Court stated the merits are only considered at the second step: "Unless

and until a trial court grants a defendant leave to file a motion for a new trial, the merits of the new-trial claim are not before the court." Id. at ¶ 33. When a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave. *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 41. (citations omitted).

**{¶36}** We find that King's First and Second Assignments of Error are directed to the merits of his new trial claim. In light of our finding that King failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering, within the prescribed time period, the evidence he is relying on to support his motion for leave to file a motion for a new trial, we find that the merits of the contentions claimed in King's First and Second Assignments of Error were properly not considered by the trial court and may not be considered by this Court.

**{¶37}** King's First and Second Assignments of Error are overruled.

**{¶38}** The judgment of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

King, J., concur