[Cite as *State v. Rutan*, 2024-Ohio-593.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-309 |
| v. | : | (C.P.C. No. 96CR-5041) |
| Roger L. Rutan, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 15, 2024

**On brief:** *Janet Grubb*, [First Assistant Prosecuting Attorney], and *Mark R. Wilson*, for appellee.

**On brief:** *Roger L. Rutan*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Roger L. Rutan, appeals the April 20, 2023 decision of the Franklin County Court of Common Pleas denying his motion for leave to file petition for postconviction relief.

{¶ 2} On December 12, 1996, Rutan was sentenced to an aggregate term of 12 to 52 years incarceration. This court affirmed his conviction on December 16, 1997, and summarized the facts of the case as follows:

> The charges against appellant were alleged to have occurred between June 1994 and December 1995, and involved four teenage girls who were acquaintances of appellant's son, [A.R.]. Appellant, who was forty-seven years old, was employed as a truck driver and lived at 1646 Jackson Road. The girls involved were fourteen to fifteen years of age during the relevant time period involved. A synopsis of the evidence presented by the state would include the following: Appellant made his house open and available to his children and his children's friends.

> Appellant kept alcoholic beverages in his house and permitted teenagers, who were not legally old enough to drink, to do so. Appellant also kept marijuana in the house and was willing to make it available to different people, including juveniles, at different times. Appellant welcomed and, in fact, encouraged teenagers to spend time at his house, with or without the consent of their parents. Appellant made himself available, ostensibly as a confidant, to listen to the various struggles faced by certain of his son's friends, and appellant encouraged certain young people to disobey their parents. As a result, appellant created an environment wherein three of the four teenage girls involved ([B.B., A.M., and P.T.]) saw appellant as the type of parent that they wished they had: someone who understood them; someone who allowed them to experiment; someone who bought the expensive clothing and jewelry they wanted; someone who let them go tanning; someone who let them have artificial nails; someone who treated them as grown-up. (The fourth girl's name is [B.L.]) The evidence presented by the state indicated that appellant attempted to gain legal custody of both [B.B] and [P.T.] and did successfully become [P.T.]'s legal guardian. Within this environment, appellant fondled these girls' breasts, touched their vaginal areas, and inserted his finger into their vaginas. At the time of these encounters, the girls had often either been drinking alcohol or smoking marijuana. Both [B.B.] and [A.M.] testified that one of the reasons they kept coming over to appellant's house even after he had touched them was because appellant supplied them with alcohol and marijuana and they enjoyed these things.

*State v. Rutan*, 10th Dist. No. 97AP-389, 1997 Ohio App. LEXIS 5728, *3-5 (Dec. 16, 1997). Rutan was convicted and sentenced for nine counts of gross sexual imposition, two counts of felonious sexual penetration, seven counts of contributing to the unruliness or delinquency of a child, three counts of corrupting another with drugs, and two counts of kidnapping. *Id.* at *2.

{¶ 3} Since that date, Rutan has filed numerous motions and petitions, none of which have been successful. *See, e.g.*, *State v. Rutan*, 10th Dist. No. 97AP-389 (Dec. 12, 2002) (memorandum decision), and *State v. Rutan*, 10th Dist. No. 07AP-626, 2007-Ohio-6507 (affirming dismissal of untimely postconviction relief petition). At issue here, on November 16, 2022 he sought the court's leave to file a postconviction petition based on R.C. Chapter 2953, Crim.R. 33, and *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703. Although he denominated his motion for leave as attempting to file a "post-conviction relief

petition," his citation to Crim.R. 33 and *McNeal* indicates that he also sought relief in the form of a motion for new trial, which is subject to slightly different decisional standards. We will address each aspect of Rutan's motion for leave in turn.[1]

**{¶ 4}** R.C. 2953.21(A)(1)(a) authorizes "any person who has been convicted of a criminal offense and sentenced to death and who claims that there was a denial or infringement of the person's rights under either of those Constitutions that creates a reasonable probability of an altered verdict * * * [to] file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 8, quoting *State v. Murphy*, 10th Dist. No. 00AP-233, 2000 Ohio App. LEXIS 6129, *5 (Dec. 26, 2000). A trial court may deny a postconviction petition without an evidentiary hearing "if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief." *Sidibeh* at ¶ 13, citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus. We review a decision denying a postconviction petition without a hearing for an abuse of discretion. *See, e.g.*, *State v. Howard*, 10th Dist. No. 15AP-161, 2016-Ohio-504, ¶ 15-21 (citing and quoting cases). And because Rutan's current petition for postconviction relief is both a successive petition and a late petition, he must surmount a jurisdictional hurdle before the court can consider the merits of the petition—a trial court may not entertain an untimely or successive postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must then also demonstrate that but for constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b).

---

[1] The state requests dismissal of Rutan's appeal based upon his failure to present assignments of error as required by App.R. 16(A) and Loc.R. 8(A). (*See* Brief of Appellee at 8-11.) Because of our resolution of the merits of Rutan's appeal, *see infra* text, we are not required to consider this request.

{¶ 5} Similarly, when faced with a Crim.R. 33 request for leave to file a new trial more than 120 days after the initial judgment of conviction, courts generally follow a two-step procedure—the court first determines whether the defendant was unavoidably prevented from discovering the evidence, and if so, it grants the motion for leave and addresses the new trial motion on its merits. *See, e.g.*, *State v. Cashin*, 10th Dist. No. 17AP-338, 2017-Ohio-9289, ¶ 15-19. To prevail on the merits, "the defendant must show that the newly discovered evidence upon which the motion is based: (1) discloses a strong probability that it will change the result if a new trial is granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence." *State v. Dixon*, 10th Dist. No. 18AP-108, 2018-Ohio-4841, ¶ 13-14, citing *State v. Davis*, 10th Dist. No. 03AP-1200, 2004-Ohio-6065, ¶ 7, and *State v. Petro*, 148 Ohio St. 505 (1947), paragraph one of the syllabus. New trials should not be granted lightly. *Dixon* at ¶ 14, citing *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 12. Further, trial courts may require a defendant to avoid any unreasonable delay in filing such a motion: "[w]hile Crim.R. 33(B) does not provide a specific time limit in which defendants must file a motion for leave to file a delayed motion for new trial, many courts have required defendants to file such a motion within a reasonable time after discovering the evidence." *E.g.*, *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 17, quoting *State v. Wilson*, 7th Dist. No. 11 MA 92, 2012-Ohio-1505, ¶ 57 (adopting timeliness rule and collecting cases).

{¶ 6} Rutan's motion for leave purports to rest on the Supreme Court of Ohio's recent decision in *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703. In *McNeal*, the Court held that the trial court erred in denying the defendant's motion for leave to file a motion for new trial, as that motion established a prima facie case to demonstrate that the state had suppressed potentially exculpatory evidence that allegedly negated an element of the charge of conviction, as well as a prima facie case that the defendant was unavoidably prevented from moving for a new trial within the time specified in Crim.R. 33(B). *McNeal* at ¶ 3.

{¶ 7} Accordingly, as set forth in R.C. 2953.23(A)(1)(a), Crim.R. 33(B), and *McNeal*, a threshold determination for Rutan's motion for leave to file both for

postconviction relief and for a new trial is whether he was "unavoidably prevented" from discovering the evidence that forms the basis of his claims. "A defendant demonstrates he was unavoidably prevented from discovering the new evidence within the 120-day time period for filing a motion for new trial when the defendant 'had no knowledge of the evidence supporting the motion for new trial and could not have learned of the existence of the evidence within the time prescribed for filing such a motion through the exercise of reasonable diligence.' " *State v. Bethel*, 10th Dist. No. 09AP-924, 2010-Ohio-3837, ¶ 13, citing *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 19. The defendant cannot claim that evidence was undiscoverable simply because no one made efforts to obtain the evidence sooner. *See Cashin* at ¶ 16, citing *State v. Graggs*, 10th Dist. No. 16AP-611, 2017-Ohio-4454, ¶ 15, and *State v. Noor*, 10th Dist. No. 16AP-340, 2016-Ohio-7756, ¶ 17. Conclusory allegations are similarly insufficient to prove that the defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial. *See*, *e.g.*, *Cashin* at ¶ 17, citing *Noor* at ¶ 17.

**{¶ 8}** A defendant must demonstrate to the trial court by clear and convincing evidence that he was unavoidably prevented from discovering such evidence. *Cashin* at ¶ 18. Clear and convincing evidence is " 'proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id*. at ¶ 18, quoting *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990). Appellate courts review the trial court's determination whether the defendant was unavoidably prevented from discovering evidence for an abuse of discretion, and a reviewing court may not determine that a trial court abused its discretion simply because it might not have reached the same conclusion. *Cashin* at ¶ 19, citing *State v. Morris*, 132 Ohio St.3d 337, 2013-Ohio-2407, ¶ 14.

**{¶ 9}** Here, our review of Rutan's November 16, 2022 motion for leave as well as our review of his petition itself, demonstrates that Rutan has not met his burden to establish that he was unavoidably prevented from discovering the evidence upon which his motion for leave relies. In fact, both his motion for leave and his petition fail to specifically identify any exculpatory evidence that he was prevented from discovering. Rutan does establish that he apparently received responses to his public records requests, but he does not

demonstrate how he was precluded from discovering any specific evidence, and more importantly, does not even begin to explain whether any such alleged evidence would tend to impeach the evidence presented at his trial. Instead, the bulk of his petition asserts errors that occurred *at* his trial—that his conviction was against the manifest weight of the evidence and violated his due process rights, that the evidence did not match the indictments in relation to specific times and places, that the jury was incorrectly instructed, and that his counsel failed to adequately investigate his case and did not object to certain procedures of the trial court. It is worth observing that Rutan has not attached any new evidence to his petition; in fact, most of the exhibits attached to his petition are sections of the trial transcript. As the trial court observed, Rutan "again has restated arguments he has made previously, many of which could have been raised on direct appeal. * * * The Court of Appeals has already decided that defendant's claim that the State withheld evidence was barred by res judicata. The same applies to the argument that the convictions were against the manifest weight of the evidence, the failure of the judge to allow jurors to take notes and ineffective assistance of counsel." (Apr. 20, 2023 Entry at 3.)

{¶ 10} In short, Rutan has not identified any single piece of evidence that he was unavoidably prevented from discovering, let alone shown that evidence to be potentially exculpatory. *Compare with* R.C. 2953.23(A)(1)(a), Crim.R. 33(B), and *McNeal* at ¶ 3. Therefore, Rutan's motion for leave and his postconviction petition fail at their very first step. We cannot say that the trial court abused its discretion in denying his motion for leave, and for these reasons the judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a postconviction petition is affirmed.

*Judgment affirmed.*

MENTEL, P.J., and LELAND, J., concur.

––––––––––––––––––