[Cite as *State v. Allen*, 2024-Ohio-2188.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230280 |
| | | TRIAL NOS. B-9204670 |
| Plaintiff-Appellee, | : | B-9206654 |
| vs. | : | |
| | | *O P I N I O N.* |
| DWIGHT ALLEN, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 7, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Dwight Allen,* pro se.

**Zayas, Presiding Judge**.

{¶1} Defendant-appellant Dwight Allen appeals the judgment of the Hamilton County Court of Common Pleas denying his Crim.R. 33(B) motion for leave to file a motion for a new trial. Because Allen cannot show that he was unavoidably prevented from discovering the grounds underlying his new-trial motion or show that any exculpatory or impeachment evidence had been suppressed by the state, we affirm the lower court's judgment.

## Factual and Procedural History

{¶2} Thirty years ago, Allen was convicted upon jury verdicts of aggravated murder, aggravated robbery, and rape in connection with the death of Allen's 74-year-old mother-in-law and the rape of his 13-year-old step-daughter. He was acquitted of a second count of rape as well as of the felonious assault of his estranged wife. Allen unsuccessfully challenged his convictions on direct appeal and in a 2010 postconviction petition challenging the trial court's subject-matter jurisdiction over his case. *State v. Allen*, 1st Dist. Hamilton Nos. C-930159 and C-930161 (May 25, 1994), *appeal not accepted*, 70 Ohio St.3d 1465, 640 N.E.2d 527 (1994); *State v. Allen*, 1st Dist. Hamilton No. C-110152 (Nov. 10, 2011).

{¶3} In August 2022, Allen moved for leave to file a delayed motion for a new trial, asserting as its basis his recent discovery of the state's suppression of evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In *Brady*, the United States Supreme Court recognized that the prosecution has an affirmative duty to disclose evidence that is favorable to the accused and material to the accused's guilt or punishment. In his motion, Allen cites to case law discussing a state's improper use of false and misleading testimony to obtain a conviction.

{¶4} The state opposed the motion for leave, noting that Allen did not specify what evidence had been suppressed by the state that he had recently discovered. In response, Allen cited to pages from the trial transcript that reflect defense counsel

placing of record what discovery he had received from the state and when counsel had received it. Ultimately, the common pleas court denied the motion without an evidentiary hearing finding that Allen had not shown how he was unavoidably prevented from learning of the existence of his grounds for a new trial within 120 days from the date of the verdict.

{¶5} Allen now appeals, raising eight assignments of error.

## Allen Cannot Demonstrate Unavoidable Prevention

{¶6} In his first assignment, Allen maintains that the common pleas court abused its discretion by denying his Crim.R. 33(B) motion for leave without first holding an evidentiary hearing. We are unpersuaded.

{¶7} We review the denial of a Crim.R. 33(B) motion for leave to file a new-trial motion without an evidentiary hearing for an abuse of discretion. *State v. Smith*, 1st Dist. Hamilton No. C-220583, 2023-Ohio-3954, ¶ 6, citing *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 29. Where a defendant seeks leave to file a delayed motion for a new trial on the basis of newly discovered evidence, the defendant must show by clear and convincing proof that he was unavoidably prevented from discovering the evidence upon which he now relies to support his motion for a new trial. Crim.R. 33(B).

{¶8} An evidentiary hearing on a Crim.R. 33(B) motion is only required if the evidence offered in support of the motion demonstrates on its face unavoidable prevention. *State v. Howard*, 1st Dist. Hamilton No. C-210285, 2022-Ohio-2159, ¶ 27, citing *State v. Carusone*, 1st Dist. Hamilton No. C-130003, 2013-Ohio-5304, ¶ 4. In the context of a *Brady* claim, a defendant may satisfy the "unavoidably prevented" requirement contained in Crim.R. 33(B) by establishing that the prosecution suppressed the evidence on which the defendant now relies in seeking a new trial. *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, 201 N.E.3d 861, ¶ 17, citing *State v. Bethel*, 167 Ohio St.3d 326, 2022-Ohio-783, 192 N.E.3d 470, ¶ 25.

3

{¶9}   Upon a review of the record, we agree that Allen did not specify what evidence he was relying on to support his motion for a new trial.  Although he claims favorable evidence was suppressed, his citation to the pages in the trial transcript at the most support the possibility that he is claiming that the arresting officer's testimony was generally false and misleading and that the arresting officer's statement to the state had been suppressed.  But the record shows that although defense counsel initially believed he had not received the arresting officer's statement, he did eventually report to the trial court that the statement was provided by the state in the discovery sent to defense counsel.

{¶10} Because Allen has not specified what evidence he has recently discovered and cannot show that the arresting officer's statement had been suppressed by the state, we cannot say that the common pleas court acted unreasonably in denying Allen's Crim.R. 33(B) motion for leave.

{¶11} For the first time on appeal, Allen now argues that the evidence that was suppressed by the state was a police report that apparently charged Allen with domestic violence against his estranged wife and one of the arresting officers' grand jury testimony.  But the argument that these two pieces of evidence were suppressed has been waived on appeal because Allen did not raise this issue below. *See State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, 145 N.E.3d 278, ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997) ("A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below.").  However, even if Allen had raised the issue that a police report and grand jury testimony had been suppressed, he still cannot demonstrate that he was unavoidably prevented from discovering that evidence or that the state had suppressed that evidence.  In fact, the police report Allen is referring to was evidence in defense counsel's possession that he had attempted to introduce at trial.  The trial court excluded the report, finding it was not relevant to

the charged offenses at issue in Allen's trial. And Allen cannot show that the grand jury testimony to which he refers contains exculpatory evidence. Although Allen argues that the state was required to produce the testifying officer's statements made to a grand jury under the Jencks Act, *see* 18 U.S.C. 3500(d) and (e)(3), we disagree. The Jencks Act is only applicable to a prosecution brought by the United States, and not the state of Ohio. *State v. Newton*, 11th Dist. Trumbull No., 2023-T-0050, 2024-Ohio-402, ¶ 15, citing *State v. Greer*, 66 Ohio St.2d 139, 148, 420 N.E.2d 932 (1981) ("Ohio has not, by case law, adopted the rule embodied within the Jencks Act to the effect that grand jury proceedings must be made available to a defendant upon discovery proceedings.").

{¶12} Because the lower court did not abuse its discretion in denying Allen's Crim.R. 33(B) motion for leave to file a new-trial motion without first holding an evidentiary hearing, we overrule the first assignment of error.

{¶13} Under Allen's remaining seven assignments of error, he asserts claims of ineffective assistance of counsel, judicial bias, prosecutorial misconduct, the involuntary nature of his statement to police, and other evidentiary matters, all of which he argues entitle him to a new trial. Because these assignments of error address the merits of Allen's delayed motion for a new trial, we may not consider them and decline to address them as they are not properly before us. *See Bethel*, 167 Ohio St.3d 326, 2022-Ohio-783, 192 N.E.3d 470, at ¶ 41 ("[U]ntil a trial court grants leave to file a motion for a new trial, the motion for a new trial is not properly before the court.").

{¶14} In conclusion, because we have overruled Allen's first assignment of error and because the remaining assignments of error are not properly before us, we affirm the common pleas court's judgment denying Allen's Crim.R. 33(B) motion for leave to file a new-trial motion.

Judgment affirmed.

CROUSE and KINSLEY, JJ., concur.

5

Please note:

The court has recorded its own entry on the date of the release of this opinion.