[Cite as *State v. Walker*, 2024-Ohio-2726.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-230470 |
| | | C-230481 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1206465 |
| vs. | : | |
| | | *O P I N I O N.* |
| DAVID WALKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 19, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*David Walker,* pro se.

**Bock, Presiding Judge**.

{¶1} In these consolidated appeals, defendant-appellant David Walker appeals the judgment of the Hamilton County Court of Common Pleas denying his Crim. R. 33(B) motion for leave to file a new-trial motion. For the following reasons, we affirm.

{¶2} In August 2015, a jury found Walker guilty of murder, aggravated robbery, firearm specifications, and having a weapon while under a disability in connection with the shooting death of Larry Watkins. The trial court imposed an aggregate sentence of 32 years to life imprisonment. Walker unsuccessfully challenged his convictions and sentence in his direct appeal. *State v. Walker*, 1st Dist. Hamilton No. C-150620, 2017 Ohio App. LEXIS 1772 (Apr. 28, 2017), *appeal not accepted*, 150 Ohio St.3d 1445, 2017-Ohio-7843, 82 N.E.3d 1177.

{¶3} In January 2022, Walker filed a motion for a new trial under Crim.R. 33(A)(1), arguing irregularity in the proceedings, including instances of plain error, which resulted in an unfair trial. The trial court denied the motion. On appeal, we modified the trial court's judgment to a dismissal, and affirmed as modified, holding that because Walker had not requested or been granted leave to file a new-trial motion, the merits of the motion for a new trial were not properly before the common pleas court. *State v. Walker*, 1st Dist. Hamilton No. C-220347, 2023-Ohio-2311.

{¶4} One year later, Walker moved for leave to file a new-trial motion based on irregularity in the proceedings. *See* Crim.R. 33(A)(1). Specifically, Walker argued that he was entitled to a new trial because of numerous errors that occurred at the trial, including the following: (1) the admission of pretrial-identification testimony, which Walker claims was unreliable because the photograph lineup shown to witnesses was suggestive and because any identification of him as one of the perpetrators was false where the victim told the 911 operator that Walker had "*sent* [the] suspects" to the victim's apartment; (2) the exclusion of Walker's videotaped

statement to police at the request of the state and defense counsel's failure to object to the exclusion of that evidence; and (3) the trial court's instruction on complicity, which was requested by the state after it realized, according to Walker, that the evidence introduced at trial did not support the state's theory that Walker, and not the other perpetrator, had been the person who shot Watkins.

**{¶5}** Walker's motion for leave failed to address how he had been unavoidably prevented, until recently, from discovering the grounds supporting his motion for a new trial.

**{¶6}** The trial court summarily denied Walker's motion for leave. Walker now appeals that judgment, raising three assignments of error, which can reasonably be read together to challenge the lower court's denial of his Crim.R. 33(B) motion for leave. We review the denial of such a motion for an abuse of discretion. *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, 201 N.E.3d 861, ¶ 13.

**{¶7}** A new-trial motion based on an irregularity in the proceedings must be filed within 14 days of the return of the verdict. Crim.R. 33(B). A new-trial motion may be filed after the stated deadline if there is clear and convincing proof that the movant was unavoidably prevented from filing his new-trial motion. *Id.* "Unavoidably prevented" means that the movant had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of its existence within the time prescribed for filing a new-trial motion. *State v. Smith*, 1st Dist. Hamilton No. C-220583, 2023-Ohio-3954, ¶ 7. A defendant may also satisfy the unavoidably-prevented standard by establishing that the prosecution suppressed the evidence on which the defendant would rely in seeking a new trial. *McNeal* at ¶ 2, citing *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 25.

**{¶8}** Here, Walker moved for leave to file a new-trial motion almost eight years after the jury verdict was returned. He has not argued how he was unavoidably prevented from discovering the existence of the grounds supporting his new-trial

motion. And a review of the record demonstrates that Walker was not unavoidably prevented from discovering the grounds for his new-trial motion within 14 days from the jury's verdict where all the issues about which he complains occurred during his trial and in his presence. He was present at trial when the state requested, and the trial court provided, the jury instruction on complicity. The issue involving pretrial identification was litigated before trial in a motion to suppress and on direct appeal. And although he contends that the state suppressed his videotaped statement to police, the record reflects that both he and his trial counsel were aware of the videotaped statement at trial, that it was being excluded from evidence, and that defense counsel did not object.

{¶9} Because Walker has not demonstrated that he was unavoidably prevented from discovering the grounds to support his motion for a new trial within the applicable timeframe, we cannot say that the common pleas court abused its discretion in denying his Crim.R. 33(B) motion for leave. Accordingly, we overrule Walker's three assignments of error and affirm the common pleas court's judgment.

Judgment affirmed.

**ZAYAS** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.