[Cite as *State v. Bell*, 2022-Ohio-2335.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0097 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Municipal Court, Kent Division |
| ASHLIE R. BELL, | Trial Court No. 2019 CRB 00756 K |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: July 5, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Charles Tyler, Sr.*, 137 South Main Street, Suite 206, Akron, OH 44308 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Ashlie R. Bell, appeals the decision overruling her petition for postconviction relief. We affirm.

{¶2} In 2019, a four-year-old nonverbal autistic student was part of an integrated pre-kindergarten classroom taught by Bell at Brimfield Elementary. Following two incidents that occurred between Bell and the child in February 2019, which resulted in injuries to the child, Bell was charged with misdemeanor offenses. In 2020, after a bench

trial, Bell was convicted of assault (R.C. 2903.13(A)) and child endangering (R.C. 2919.22(B)(1)).

{¶3} On appeal, this court affirmed the finding of guilt as to assault, reversed and vacated the child endangering conviction, and remanded for resentencing. *State v. Bell*, 11th Dist. Portage No. 2020-P-0060, 2021-Ohio-899.

{¶4} On July 26, 2021, Bell filed a petition for postconviction relief claiming a due process violation in that the state failed to provide exculpatory evidence with impeachment value at trial. Specifically, Bell alleged that during a deposition in a subsequent civil case, the defense was made aware of a notebook that was used by school officials, including Bell, to communicate with each other and to the child's parents regarding any injuries the child obtained or self-inflicted while at school. Bell claimed the contents of the notebook are contemporaneous to the incidents at issue and directly contradict witness testimony as well as the parents' knowledge regarding the child's injuries.

{¶5} The prosecutor was in possession of the notebook before trial, but the defense alleges it was not produced in discovery. Appellate counsel acknowledges, however, that the defense was aware of the notebook during trial, as testimony was elicited from the child's father about its contents. Defense counsel did not request a copy of the notebook or a continuance of trial.

{¶6} Following a hearing, the trial court resentenced Bell and overruled her petition for postconviction relief.

{¶7} Bell advances one assignment of error:

> The trial court committed error in denying the appellant's
> motion for post-conviction relief when it held that the defense

2

did not meet its burden of showing that there was a denial of due process from the prosecutor's failure to produce the notebook to the defense during discovery.

{¶8} A petition for postconviction relief may be filed by "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" R.C. 2953.21(A)(1)(a). We generally apply an abuse of discretion standard to our review of a trial court's decision to deny a petition for postconviction relief. *State v. Miller*, 11th Dist. Lake No. 2018-L-055, 2018-Ohio-5192, ¶ 12, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. However, "[w]e review constitutional questions de novo because they are questions of law." (Citations omitted.) *State v. Wolford-Lee*, 11th Dist. Lake Nos. 2017-L-122, *et seq.*, 2018-Ohio-5064, ¶ 14.

{¶9} Bell claims it was error to deny her postconviction petition because the prosecution denied her due process right to a fair trial by withholding favorable and material evidence, contrary to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

{¶10} The Due Process Clause affords an accused a meaningful opportunity to present a complete defense, including the preservation of and access to exculpatory evidence. *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). As argued, the Due Process Clause protects a criminal defendant from being convicted where the state fails to disclose material evidence. *Id.*; *Brady* at 87. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence

3

must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-282, 119 S.Ct. 1936, 144 L.Ed. 286 (1999); *see also United States v. Agurs*, 427 U.S. 97, 110, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) ("If the suppression of evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor.").

**{¶11}** Regarding "materiality" or "ensuing prejudice," the defendant must establish that "'there is a reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense." *Strickler* at 289. "'[T]he adjective is important. The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he [or she] received a fair trial, understood as a trial resulting in a verdict worthy of confidence.'" *Id.* at 289-290, quoting *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). "[T]he question is whether 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *Strickler* at 290, quoting *Kyles* at 435.

**{¶12}** Bell first takes issue with certain matters raised by the trial court at the hearing, specifically the fact that Bell was aware of and utilized the notebook and that there was testimony at trial about the notebook. These issues are not well taken, however, as the ultimate basis for the trial court's denial of the petition was that Bell did not meet the "reasonable probability" standard of "materiality."

**{¶13}** Bell contends that she met this standard because, had she been provided a copy of the notebook, she would have utilized its entries to impeach the state's witnesses as to the cause of the child's injuries and corroborate her claim of innocence.

4

Appellate counsel admits, however, that the defense has never seen the contents of the notebook. Further, the testimony Bell claims would have been impeached does not relate to the eyewitness testimony of the two assault incidents of which Bell was convicted, but to the vacated child endangerment charge. Regardless of the child's propensity to injure himself at other times, the state established the elements of assault by presenting eyewitness testimony as to the two specific incidents that occurred between Bell and the child.

{¶14} "'The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense.'" *State v. Jackson*, 57 Ohio St.3d 29, 33, 565 N.E.2d 549 (1991), quoting *Agurs*, 427 U.S. at 109-110. "'The proper standard of materiality must reflect our overriding concern with the justice of the finding of guilt. * * * This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial.'" *Jackson* at 33, quoting *Agurs* at 112-113.

{¶15} Thus, assuming arguendo that the notebook was not provided to the defense in discovery, we conclude Bell has not established that its omission, in the context of the entire record, undermines confidence in the guilty verdict on the assault charge entered following the bench trial. Nor has she established that the contents of the notebook are exculpatory or would impeach the state's witnesses. Accordingly, the trial court did not abuse its discretion when denying Bell's petition for postconviction relief.

{¶16} Bell's sole assignment of error is without merit.

5

{¶17} The judgment of the Portage County Municipal Court, Kent Division, is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

6