[Cite as *State v. Little*, 2025-Ohio-130.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. Nos.    24CA012110 |
| | 24CA012114 |
|     Appellee | |
| | |
| v. | |
| | APPEAL FROM JUDGMENT |
| TERRY LITTLE | ENTERED IN THE |
| | COURT OF COMMON PLEAS |
|     Appellant | COUNTY OF LORAIN, OHIO |
| | CASE No.    07CR074162 |

DECISION AND JOURNAL ENTRY

Dated: January 21, 2025

SUTTON, Presiding Judge

**{¶1}** Defendant-Appellant Terry Little appeals the judgments of the Lorain County Court of Common Pleas denying two motions for leave to file motions for a new trial. The appeals have been consolidated. For the reasons that follow, this Court reverses in part and affirms in part.

I.

**Relevant Background Information**

**{¶2}** Mr. Little has filed four previous appeals to this Court from the trial court's judgments entered in his criminal case. Mr. Little's previous appeals are designated in this opinion as *Little I, II, III and IV*. In our prior opinions, this Court set out the pertinent facts and procedural history of this case, which we will again summarize here. In 2009, Mr. Little was convicted of aggravated murder and numerous additional offenses. His convictions stemmed from the death of L.T., who was shot and killed on July 30, 2007. The trial court imposed a total sentence of 30 years

to life in prison. Mr. Little filed a direct appeal to this Court and his convictions were affirmed. *State v. Little*, 2011-Ohio-768 (9th Dist.) ("*Little I*").

{¶3} While *Little I* was pending, Mr. Little filed a petition for post-conviction relief. The trial court denied the petition in 2010, and Mr. Little did not appeal the decision.

{¶4} Several years later, in 2017, Mr. Little filed a motion for leave to file a motion for new trial and a motion for a new trial based on newly discovered evidence. After reviewing the record and the applicable law, the trial court denied the motion for a new trial. Mr. Little appealed and this Court affirmed the judgment of the trial court. *State v. Little*, 2018-Ohio-5267, ¶ 16 (9th Dist.) ("*Little II*").

{¶5} In July 2020, Mr. Little filed a "Motion to Correct Void Sentence; Failure to Properly Impose Post-Release Control Pursuant to R.C. 2929.191." The trial court denied the motion and Mr. Little appealed. This Court affirmed, determining his motion was a successive petition for postconviction relief. *State v. Little,* 2021-Ohio-1446, ¶ 7, 13 (9th Dist.) ("*Little III*").

{¶6} In 2022, Mr. Little filed a "jurisdictional assessment for post-conviction relief" and a separate successive postconviction petition. The trial court denied both, explaining Mr. Little's petition for postconviction relief was untimely and wholly lacking in merit. Mr. Little appealed the denial of his petition for postconviction relief and this Court affirmed. *State v. Little*, 2023-Ohio-2093, ¶ 12-14 (9th Dist.) ("*Little IV*").

{¶7} This brings us to the present appeals. On March 13, 2024, Mr. Little filed a motion for leave to file a motion for a new trial pursuant to Crim.R. 33(B) claiming he was unavoidably prevented from obtaining a 2007 police report which summarized an account from a witness, J.A., who stated he observed the suspect shooting at the victim and reported the victim was shooting back at the suspect. Mr. Little argued the witness account was suppressed by the State, would

negate an element of the offense of aggravated murder of which he was convicted and could have been used to impeach the testimony of a detective who testified at the trial.

{¶8} The trial court denied the motion for leave on March 27, 2024, stating Mr. Little failed to establish by clear and convincing evidence he was unavoidably prevented from obtaining the report, noting the detective who prepared the report was identified as a potential trial witness in 2007. Mr. Little appealed and the appeal was assigned case number 24CA012114.

{¶9} On April 1, 2024, Mr. Little filed another motion for leave to file a motion for a new trial based upon newly discovered evidence, specifically: (1) a 2012 newspaper article that reported on an internal affairs investigation into the conduct of one of the detectives who investigated the shooting of L.T. and who testified at Mr. Little's trial; and (2) a July 31, 2007 *Miranda* waiver form Mr. Little claims was forged. On April 4, 2024, the trial court denied the motion for leave to file a motion for a new trial stating "[t]he [c]ourt finds that [Mr. Little] has failed to establish by clear and convincing [evidence] that he was unavoidably prevented from discovering these items upon which he bases his request for a new trial." Mr. Little appealed. That appeal was assigned case number 24CA012110. Mr. Little's appeals have been consolidated and will be addressed together.

{¶10} Mr. Little assigns two errors, one in each of his appeals. Both assignments of error concern the trial court's denial of his motions for leave to file motions for a new trial without a hearing.

## II.

### Case Number 24CA012114 – The Police Report

### ASSIGMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DETERMINE IF [MR.] LITTLE ESTABLISHED THAT THE STATE'S

SUPPRESSION OF MATERIAL EVIDENCE PREVENTED HIM FROM DISCOVERING AND FILING A MOTION FOR NEW TRIAL WITHIN THE 120-DAY DEADLINE IN CRIM.R. 33(B).

**{¶11}** Mr. Little argues the trial court abused its discretion by denying his March 13, 2024 motion for leave to file a motion for a new trial without a hearing because he only recently came into possession of a 2007 police report which he claims the State suppressed and was material to his defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

**{¶12}** "This Court reviews a trial court's decision to deny leave to file an untimely motion for a new trial without a hearing for an abuse of discretion." *State v. Grad*, 2022-Ohio-4221, ¶ 8 (9th Dist.), *reversed on other grounds by State v. Grad*, 2024-Ohio-5710. "An abuse of discretion is present when a trial court's decision 'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Id.*, quoting *Menke v. Menke*, 2015-Ohio-2507, ¶ 8 (9th Dist.).

**{¶13}** The 2007 police report summarized Detective Steyven Curry's initial scene interview and an August 1, 2007 recorded interview with J.A., a witness to the shooting of L.T.

> [J.A.] was outside when he observed the male suspect standing in close proximity to [the victim] in the parking lot on the South side of McDonalds. The male suspect [was] wearing the blue hoodie and was shooting at [the victim.] According to [J.A.,] [the victim] was reported as shooting back at the suspect in the blue hoodie, [J.A.] saw muzzle flash when the shots were fired and [J.A.] commented how the two males were trying to evade each other when the shots were fired.

**{¶14}** In support of his claim that he was unavoidably prevented from discovering the report, Mr. Little submitted his own affidavit that the report was suppressed by the State and he only recently "uncovered" the report. In addition to the affidavit, Mr. Little points to the trial testimony of Detective Brian Denman who, in response to questions about not having the victim's clothing tested for gunshot residue and contrary to the police report, testified the police did not have any evidence the victim had a gun.

{¶15} Crim.R. 33 governs motions for a new trial and provides in part, "(B) Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived[.]" If a defendant wishes to file a motion for new trial after the prescribed time-period, he must first file a motion for leave to file a motion for new trial and must demonstrate by clear and convincing evidence he was unavoidably prevented from discovering the evidence upon which he relies. *See State v. McNeal,* 2022-Ohio-2703, ¶ 25. "One way that a defendant may satisfy the 'unavoidably prevented' requirement contained in Crim.R. 33(B) is by establishing that the prosecution suppressed the evidence on which the defendant would rely when seeking a new trial." *McNeal* at ¶ 2, citing *State v. Bethel*, 2022-Ohio-783,¶ 25, 59. Until a motion for leave to file a motion for a new trial is granted, the merits of the motion for new trial are not properly before the trial court. *Bethel* at ¶ 41.

{¶16} Here, Mr. Little argues the State suppressed *Brady* material. A defendant seeking to assert a *Brady* claim is not required to show he could not have discovered suppressed evidence by exercising reasonable diligence. *Id.* at ¶ 25. The *Bethel* Court explained: "[i]t is well settled that a defendant is entitled to rely on the prosecution's duty to produce evidence that is favorable to the defense." *Id.* at ¶ 25. In *Brady v. Maryland*, *supra*, the Supreme Court of the United States recognized the prosecution has an affirmative duty to disclose evidence that is favorable to the accused and material to his guilt or punishment. *Brady*, 373 U.S. at 87. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). Favorable evidence is material, and

constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley*, 473 U.S. 667, 682 (1985). A different result is reasonably probable when the government's evidentiary suppression undermines confidence in the outcome of the trial. *Bagley* at 678.

{¶17} In its denial of Mr. Little's motion for leave the trial court stated the detective who prepared the report was identified as a potential trial witness in 2007. In addition, the State argues the names of Detective Curry and J.A. were on a witness list provided to defense counsel in 2007. However, the Supreme Court of Ohio has stated the appearance of names on a witness list does not discharge the State's obligation to disclose *Brady* material to the defendant and defendants have no duty to "scavenge for hints of undisclosed *Brady* material." *Bethel* at ¶ 23-25; *see also State v. McNeal*, 2022-Ohio-2703, ¶ 24, quoting *Banks v. Dretke*, 540 U.S. 668, 695 (2004). Neither of the documents identifying Detective Curry and J.A. describe or summarize the expected testimony of the detective and J.A. Therefore, the appearance of their names on a list provided to Mr. Little does not discharge the duty to disclose what might be *Brady* material.

{¶18} We acknowledge that a defendant's affidavit alone may not clearly and convincingly establish that the evidence upon which a defendant seeks to rely was either willfully or inadvertently suppressed by the State. *See State v. Fry*, 2024-Ohio-2351, ¶ 15 (9th Dist.). However, here, Mr. Little pointed to the trial testimony of the detective who, contrary to the 2007 police report at issue, testified that the police did not have any evidence the victim had a gun. Indeed, at trial, Mr. Little testified the victim had a gun.

{¶19} As such, we conclude the trial court must hold a hearing and determine in the first instance whether the report constitutes *Brady* material. In *State v. Dye,* 2024-Ohio-3191 (8th

Dist.), the trial court allowed discovery and held a two-day hearing before denying the defendant's untimely petition for postconviction relief, determining that the defendant had not been unavoidably prevented from discovering the facts upon which he relied in his petition. *Dye* at ¶ 11-12.[1]

**{¶20}** We therefore reverse the March 27, 2024 decision of the trial court for the trial court to conduct a hearing to determine in the first instance whether the 2007 report containing Detective Curry's summary of J.A.'s witness account is *Brady* material.

### CASE NUMBER 24CA012110 – Misconduct and the *Miranda* Form

### ASSIGMENT OF ERROR

[THE] TRIAL COURT ABUSED ITS DISCRETION IN DENYING [MR.] LITTLE'S MOTION FOR LEAVE WITHOUT HOLDING AN EVIDENTIARY HEARING

**{¶21}** Mr. Little's April 1, 2024 motion for leave to file a motion for new trial concerns: (1) a 2012 news article concerning a police internal affairs investigation of Detective Ralph Gonzalez, who was involved in the investigation of the shooting death of L.T. and who testified at Mr. Little's 2009 trial; and (2) a second *Miranda* waiver form, dated July 31, 2007, which Mr. Little asserts was forged or falsified. Mr. Little's own evidence, attached to his April 1, 2024 motion for leave, shows Mr. Little knew about the discipline of Detective Gonzalez in April 2020. The record demonstrates Mr. Little knew of two *Miranda* waiver forms in 2007.

**{¶22}** The Supreme Court in *Bethel,* 2022-Ohio-783, at ¶ 17, considered whether res judicata could apply when a defendant files multiple postconviction motions, stating while res judicata generally bars a convicted defendant from litigating a postconviction claim that was raised

---

[1] The "unavoidably prevented" requirement in Crim.R. 33(B) mirrors the "unavoidably prevented" requirement in R.C. 2953.23(A)(1)(a). *Bethel* at ¶ 59, quoting *State v. Barnes*, 2018-Ohio-1585, ¶ 28 (5th Dist.).

or could have been raised at trial or on direct appeal, several Ohio courts of appeal have applied res judicata to prevent a convicted defendant from raising postconviction issues in a piecemeal fashion. *Id.* citing *State v. Bene,* 2020-Ohio-1560, ¶ 13-14 (11th Dist.). In *Bethel* at ¶ 18, however, the Supreme Court determined the State did not meet its burden to demonstrate that the defendant could have raised his *Brady* claim along with a previous *Brady* claim he had raised in an earlier postconviction filing.

{¶23} As the Supreme Court of Ohio noted in *Bethel*, appellate courts around the state have applied the doctrine of res judicata to prohibit piecemeal litigation of postconviction claims. The Eighth, Fourth and Tenth District Courts of Appeal have determined res judicata applies not only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised in earlier proceedings. *See*, *e.g. State v. Montgomery,* 2013-Ohio-4193, ¶ 42 (8th Dist.); *State v. Heid*, 2016-Ohio-2756, ¶ 18 (4th Dist.); *State v. Fox*, 2009-Ohio-1327, ¶ 7 (10th Dist.). The Supreme Court of Ohio has also applied the doctrine of res judicata to claims in motions to withdraw guilty pleas. *State v. Ketterer*, 2010-Ohio-3831, ¶ 59, stating res judicata bars the assertion of claims in a motion to withdraw a guilty plea that were, or could have been, raised in a prior proceeding.

{¶24} Here, Mr. Little could have included the discipline of Detective Gonzalez in his July 2020 motion to correct void sentence as he admittedly knew about it in April 2020, according to an email attached to his motion for leave to file a motion for a new trial. Mr. Little did not raise the issue in his 2020 filing, nor did he raise it in his 2022 jurisdictional assessment for postconviction relief, his 2022 successive petition for postconviction relief or his March 13, 2024 motion for leave to file a motion for a new trial.

**{¶25}** Mr. Little could have raised issues related to the July 31, 2007 *Miranda* waiver form at his 2009 trial and in the direct appeal from his convictions, s*ee State v. Perry*, 10 Ohio St.2d 175, 180 (1967), or perhaps at the latest in his 2010 petition for postconviction relief. Mr. Little should have known in 2007 how many *Miranda* waiver forms he signed. Mr. Little cannot now raise claims based on evidence of which he was aware prior to his 2009 trial.

**{¶26}** For these reasons, the claims in Mr. Little's April 1, 2024 motion for leave to file a motion for new trial are barred by res judicata.

## III.

**{¶27}** Mr. Little's assignment of error in case number 24CA012114 is sustained. The judgment of the Lorain County Court of Common Pleas of March 27, 2024, is reversed and remanded for further proceedings consistent with this opinion.

**{¶28}** Mr. Little's assignment of error in case number 24CA012110 is overruled. The judgment of the Lorain County Court of Common Pleas of April 4, 2024, is affirmed.

In case number 24CA012114, judgment reversed and cause remanded for further proceedings.

In case number 24CA012110, judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, J.
CONCURS.

FLAGG LANZINGER, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶29} I respectfully dissent, in part, from the majority opinion because I would overrule Little's assignment of error in C.A. No. 24CA012114. "The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *State v. Hatton*, 2022-Ohio-3991, ¶ 30. "One way that a defendant may satisfy the 'unavoidably prevented' requirement contained in Crim.R. 33(B) is by establishing that the prosecution suppressed the evidence on which the defendant would rely when seeking a new trial." *State v. McNeal*, 2022-Ohio-2703, ¶ 2. As the Ohio Supreme Court has stated, "[a] defendant seeking to assert a *Brady* claim . . . is not required to show that he could

not have discovered suppressed evidence by exercising reasonable diligence." *State v. Bethel*, 2022-Ohio-783, ¶ 25.

{¶30} Here, I would hold that Little failed to establish by clear and convincing proof that he was unavoidably prevented from discovering the 2007 police report because he failed to establish that the State suppressed the report. Little argued in his motion for leave that the State did not disclose the 2007 police report to him or his trial counsel. Little argued that "[t]he new evidence . . . was acquired by a source who insists on remaining anonymous on September 5, 2023," and was sent to him in November of 2023. Little supported his motion with a self-serving affidavit wherein he averred that the prosecutor "willfully suppressed" the 2007 police report.

{¶31} I would hold that Little's self-serving statements and argument, without more, did not constitute clear and convincing proof that the State suppressed the 2007 police report. Precedent from this Court (and others) supports this conclusion. *See, e.g.*, *State v. Fry*, 2024-Ohio-2351, ¶ 15 (9th Dist.) (holding, in part, that a motion for leave "limited to . . . self-serving statements and argument" does not "satisfy [the] burden of proof on the issue of unavoidable delay . . . ."); *State v. Dye*, 2024-Ohio-3191, ¶ 26-28 (8th Dist.) (collecting cases and holding that a defendant's self-serving allegations, without more, do not satisfy the 'unavoidably prevented' requirement); *compare McNeal* at ¶ 24 (holding that the trial court abused its discretion when it denied the defendant's motion for leave because the defendant supported his motion with an unrebutted affidavit from his trial counsel who averred that the State did not disclose certain evidence during discovery); *State v. Hale*, 2023-Ohio-3894, ¶ 40 (8th Dist.) ("Consistent with the Ohio Supreme Court's discussion in *Bethel*, we find the affidavits attached to [the defendant's] motion for leave were sufficient to prove that [the defendant] was unaware of the undisclosed documents at the time of his trial or within 120 days of his verdict.").

**{¶32}** In light of the foregoing, I would hold that the trial court did not err when it concluded that Little failed to establish by clear and convincing proof that he was unavoidably prevented from discovering the 2007 police report. To hold otherwise undermines the requirement of clear and convincing proof, and permits criminal defendants to prolong litigation and misuse judicial resources on claims that lack evidentiary support. Accordingly, I would overrule Little's assignment of error in C.A. No. 24CA012114. I otherwise concur with the majority opinion with respect to its resolution of Little's assignment of error in C.A. No. 24CA012110.

APPEARANCES:

TERRY LITTLE, pro se, Appellant.

TONY CILLO, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.