[Cite as *State v. Griggs*, 2025-Ohio-708.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-L-046 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| VALAUGN D. GRIGGS, | |
| Defendant-Appellant. | Trial Court No. 2014 CR 000456 |

**O P I N I O N**

Decided: March 3, 2025
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Paul J. Lubonovic*, Assistant Public Defender, 100 West Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Defendant-appellant, Valaugn Griggs ("appellant"), appeals from the judgment of the Lake County Court of Common Pleas denying his motion for leave to file a motion for new trial pursuant to Crim.R. 33(B) without hearing. Appellant argues that the trial court abused its discretion when it determined that appellant was not unavoidably prevented from discovering the proposed evidence.

{¶2} Upon review, we conclude that the documents presented by appellant in support of his motion for leave, on their face, do not demonstrate appellant was

unavoidably prevented from discovering the new evidence within the 120-day time period. Appellant cannot establish that the state suppressed the evidence. The evidence on which appellant relies in support of his motion was either readily apparent and available during appellant's trial or does not exist. As such, the trial court did not abuse its discretion when it denied appellant's motion for leave to file a motion for new trial.

{¶3} The judgment of the Lake County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶4} Over ten years ago, on August 8, 2014, appellant was indicted by the Lake County Grand Jury for five counts of Robbery, felonies of the second degree, in violation of R.C. 2911.02(A)(2) (Counts 1, 3, 5, 7, 9); five counts of Robbery, felonies of the third degree, in violation of R.C. 2911.02(A)(3) (Counts 2, 4, 6, 8, 10); and one count of Engaging in a Pattern of Corrupt Activity, a felony of the first degree, in violation of R.C. 2923.32(A)(1) (Count 11).

{¶5} After waiving his right to a jury trial, a bench trial was held in October 2014.

{¶6} On October 14, 2014, the trial court found appellant guilty of ten counts of Robbery. The trial court found appellant not guilty of Count 11, Engaging in a Pattern of Corrupt Activity.

{¶7} A sentencing hearing was held on November 21, 2014. The trial court merged Counts 2, 4, 6, 8, and 10 with Counts 1, 3, 5, 7, and 9 for purposes of sentencing and imposed the following sentences: "two (2) years on Count 1; three (3) years on Count 3; four (4) years on Count 5; four (4) years on Count 7); and four (4) years on Count 9." The trial court ordered the sentences to be served consecutively to each other for an aggregate prison term of 17 years.

2

{¶8} Appellant filed a timely direct appeal. This Court affirmed appellant's convictions and sentence. *State v. Griggs*, 2015-Ohio-4635 (11th Dist.). Specifically, this Court concluded that sufficient evidence was presented to support appellant's convictions and that his convictions were consistent with the manifest weight of the evidence. *Id.* at ¶ 60. This Court further affirmed the trial court's sentence and imposition of consecutive prison terms. *Id.* at ¶ 73. The Supreme Court of Ohio declined to accept jurisdiction. *See 06/29/2016 Case Announcements*, 2016-Ohio-4606.

{¶9} On May 16, 2024, approximately nine and a half years after appellant's convictions, appellant filed a motion for leave to file a motion for new trial instanter. In his motion for leave to file a new trial, appellant alleged that the State withheld evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). In his motion, appellant asserted that evidence was discovered that contradicted the State's witness testimony. Specifically, he alleged that there is evidence that Mr. Patel did not see or sign a photo array despite Patel's wife's testimony otherwise. Appellant also argued that the photo array which identified someone other than appellant, bears markings that suggest it was presented to an unidentified third-party who the State failed to disclose. Finally, appellant alleged that that the State failed to interview Michael Tarasco ("Tarasco") whose number was identified as an outgoing phone call from appellant's phone on the date of the GP Express robbery.[1] In support of his motion for leave to file his motion for new trial, appellant attached affidavits of James Cappara, the private investigator hired in 2021, and Nitik

---

1. There is some discrepancy regarding the spelling of the name of this individual. The State spells it "Turasco" in their briefing.

3

Case No. 2024-L-046

Patel, owner of the GP Express. He also attached a copy of the photo-lineup, State's Exhibit 43(C), which he claims is acknowledged and signed by an unidentified third-party.

{¶10} The State filed a response in opposition to the motion wherein the State argued appellant's motion was untimely and that "nothing . . . presented as evidence in support of [Griggs's] motion for new trial is newly discovered evidence."

{¶11} The trial court denied the motion without hearing on June 6, 2024. The trial court concluded that appellant did not establish by clear and convincing evidence that he was unavoidably prevented from discovering new evidence within the 120-day period. Crim.R. 33(B).

{¶12} Appellant appeals and raises a single assignment of error for review: "The trial court abused its discretion when it denied defendant-appellant Valaugn Giggs's motion for leave to file a motion for a new trial without a hearing. (Dkt. 132)."

**Motion for a New Trial – Crim.R. 33(B)**

{¶13} In a motion for leave to file a motion for new trial pursuant to Crim.R.33, "the defendant must establish that the new evidence: (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Grad*, 2024-Ohio-5710, ¶ 38 citing *State v. Petro*, 148 Ohio St. 505 (1947), syllabus. When the motion is filed more than 120 days after the trial ended, the defendant is further required to show "'by clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely.' *See* Crim.R. 33(B); *see also State v. Parker*,

4

2008-Ohio-5178, ¶ 16 (2d Dist.), quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146 (10th Dist.1984)." *Grad* at ¶ 38.

{¶14} In *State v. Vinson*, 2017-Ohio-5641, (11th Dist.), this court discussed the three options available to the trial court when a criminal defendant files a motion for leave for new trial.

> First, if it determines the documents in support of the motion on their face do not demonstrate the movant was unavoidably prevented from discovering the evidence, it may either overrule the motion or hold a hearing. *See State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 19 (2d Dist.) ("a trial court has discretion when deciding whether to grant leave to file a motion for new trial, or whether to hold a hearing on the issue"). . ... Second, if the trial court determines the documents submitted clearly and convincingly demonstrate the movant was unavoidably prevented from discovering the evidence, the court must grant the motion for leave and allow the motion for new trial to be filed. *See* Crim.R. 33(B). Third, if the trial court determines the documents on their face "support [the movant's] claim that he was unavoidably prevented from timely discovering the evidence, the trial court must hold a hearing to determine whether there * * * is clear and convincing proof of unavoidable delay." *State v. York*, 2d Dist. Greene No. 99–CA–54, 2000 WL 192433, *2 Feb. 18, 2000) (citation omitted).

*Vinson* at ¶ 18, citing *State v. Trimble,* 2015-Ohio-942, ¶ 16 (11th Dist.).

{¶15} "A defendant seeking to assert a *Brady* claim. . . is not required to show that he could not have discovered suppressed evidence by exercising reasonable diligence." *State v. Bethel*, 2022-Ohio-783, ¶ 25. Rather, a defendant "may satisfy the 'unavoidably prevented' requirement contained in Crim.R. 33(B) by establishing that the prosecution suppressed the evidence on which the defendant would rely in seeking a new trial." *State v. McNeal,* 2022-Ohio-2703, ¶ 2, 17, citing *Bethel* at ¶ 25, 59.

5

{¶16} "'There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *State v. Bell*, 2022-Ohio-2335, ¶ 10 (11th Dist.) quoting *Strickler v. Greene*, 527 U.S. 263, 281-282(1999). "Favorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley*, 473 U.S. 667, 682 (1985). A different result is reasonably probable when the government's evidentiary suppression undermines confidence in the outcome of the trial. *Bagley* at 678." *State v. Little*, 2025-Ohio-130, ¶ 16 (9th Dist.).

{¶17} A trial court's decision on a motion for leave to file a motion for a new trial is reviewed under an abuse of discretion standard. *Grad*, 2024-Ohio-5710, at ¶ 47 citing *State v. Hatton*, 2022-Ohio-3991, ¶ 29. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary (8th Ed. 2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

{¶18} Appellant's motion for leave to file a motion for new trial was filed nine and a half years after his trial concluded, which is outside the 120 days prescribed by rule.

6

Therefore, the only issue before the trial court was whether appellant was unavoidably prevented from timely moving for a new trial. See *State v. McNeal*, 2022-Ohio-2703, ¶ 21. The trial court concluded that appellant did not demonstrate that he was unavoidably prevented from discovering the evidence and denied the motion without a hearing.

{¶19} Appellant argues that he was unavoidably prevented from discovering the evidence because the State suppressed, or otherwise concealed the "newly discovered" evidence. Specifically, appellant declares he was unavoidably prevented from discovering: 1) the existence of testimony that Tarasco did not know appellant, and 2) the existence of an unidentified third-party who allegedly identified someone other than appellant in the photo lineup.

*Cell phone Records*

{¶20} During appellant's trial, "Alexis Eon, a Verizon Wireless analyst, testified that, on June 2, 2014, [the day of the GP Express robbery,] at approximately 1:04 p.m., a phone call was placed from Griggs' cell phone, which pinged off of a cell phone tower located on Pearl Road in Parma Heights. At 1:23, a phone call pinged off of another tower, on Pearl Road in Cleveland. Police officer testimony confirmed that these cell towers were within a couple miles of GP Express." *Griggs,* 2015-Ohio-4635, at ¶ 11 (11th Dist.). Both the State and appellant agree that a phone call was placed to Tarasco and that such information was mentioned at trial and contained within the police documents exchanged prior to trial.

{¶21} Appellant alleges that the State suppressed evidence regarding Tarasco. Specifically, Cappara's affidavit avers that there were notes indicating that police considered interviewing Tarasco, but that there are no documents contained within the

7

Case No. 2024-L-046

file regarding the results of any interview. Notably, the affidavit neither establishes that the police interviewed Tarasco, nor that any additional evidence exists. Indeed, in the motion for leave to file a motion for new trial, appellant counsel indicates that "Tarasco was never interviewed by police or detectives." Therefore, no additional information exists. As such, appellant cannot establish that non-existent evidence was suppressed by the State.

{¶22} As this Court noted in *Griggs,* "the fact that police did not investigate every possible piece of evidence does not change the evidence that was presented at trial linking Griggs to the robberies. Given that the evidence was more than sufficient for his convictions, it was not necessary to obtain additional evidence. . . .Defense counsel was free to subpoena any witness he chose to prove Griggs had not been the one making phone calls and also to emphasize during cross-examination the lack of physical evidence (which he did)." *Griggs* at ¶ 57. Similarly, defense counsel was free to subpoena Tarasco, whose name was contained in the police documents exchanged with counsel prior to trial, to testify. As such, appellant was not unavoidably prevented from discovering this evidence within the 120-day time period and the trial court did not abuse its discretion when it denied appellant's motion for leave to file a motion for new trial.

*Photo Lineup*

{¶23} Appellant next asserts that the State suppressed evidence of the photo array, State's Exhibit 43(C). Specifically, he alleges that the markings on the photo lineup card, were not made by either Nitik Patel, owner of the GP Express, nor his wife, Meghna Patel, who was working at the GP Express at the time of the robbery. Instead, he alleges

8

an additional unknown third-party identified someone other than appellant as one of the individuals who robbed the GP Express.

{¶24} We note that the photo lineup evidence is only relevant to the robbery at the GP Express. Appellant was convicted of five separate robberies. A co-defendant, who participated in four of the five robberies, testified on behalf of the State and identified appellant as the second robber in the other robberies. The co-defendant did not participate in the GP Express robbery, however, was told by appellant that appellant was involved in the GP Express robbery and that he used a gun.

{¶25} At trial the following testimony was presented regarding the photo lineup:

> [Meghna] Patel testified that she later looked at a photo lineup. During this testimony, there was a discussion on the record that the State was unaware of a photo lineup and it had not been provided by police, and, thus, had not been provided in discovery to Griggs' counsel. Defense counsel moved to dismiss "if there is an actual identification of somebody other than my client." Detective Thomas Connor met with the parties off the record and indicated that someone other than Griggs, who was part of the photo lineup, had been identified. Testimony regarding this issue was permitted.
>
> Connor testified that after Griggs was arrested, he generated a photo lineup with Griggs' picture, which was shown to Patel by another detective, John Porec. Porec presented the photo lineup to Patel, she selected an individual in the lineup, and Porec returned the lineup to Detective Connor. Connor explained that some records relating to the lineup had been misplaced and he was unsure why the prosecutor had not received this information prior to trial.
>
> After Porec's testimony, cross-examination of Patel resumed. She testified that the signature on the copy of the photo lineup in evidence was her husband's. She did testify, however, that she reviewed a photo lineup and selected an individual who was not Griggs.
>
> Detective Connor then testified that he did show either Patel or her husband still shots from the robbery in Macedonia but

9

that no photo lineup was prepared other than the one showed to Meghna Patel.

*State v. Griggs*, 2015-Ohio-4635, at ¶ 6-9 (11th Dist.).

**{¶26}** As we acknowledged in appellant's direct appeal, "there were unusual and problematic circumstances surrounding the photo lineup, including that the lineup form in evidence [State's Exhibit 43(B)] contained Meghna Patel's husband's signature instead of hers, which was not supported by the testimony that only Meghna was presented with a lineup, as well as that the lineup was not disclosed to defense counsel prior to trial. Griggs does not raise an assignment of error arguing that this failure to disclose should be cause for reversal. There is also no argument that it was purposeful, as the State expressed genuine surprise as to the police's failure to disclose the evidence." *Griggs*, at ¶ 45.

**{¶27}** Appellant alleges that the State suppressed the information in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). However, the photo array and the markings were presented at trial. It is clear from the record that the State did not know that the photo lineup existed *prior* to trial. As such, the State did not violate *Brady v. Maryland* by withholding exculpatory evidence. Because the photo lineup was presented *during* the trial (and not after the trial as in *Brady*), no *Brady* violation exists. *See State v. Hanna*, 2002-Ohio-2221, ¶ 82 citing *State v. Green,* 2000-Ohio-182, ¶ 100; *State v. Wickline*, 50 Ohio St.3d 114, 116 (1990).

**{¶28}** Appellant now speculates that a third unknown person also excluded appellant and marked the photo array. In support of his motion for leave to file motion for new trial, appellant attached an affidavit of Nitik Patel. Because Nitik did not witness the robbery, he could not identify the perpetrators. Meghna did not testify that her husband

10

marked up State's Exhibit 43(C) and that fact is not challenged in the affidavit. Instead, Meghna Patel testified that she was presented a photo lineup and that she identified someone other than appellant.

{¶29} There is nothing in the record to support that such evidence exists let alone was suppressed by the State.

{¶30} At oral arguments, appellant cited to *State v. Little*, 2025-Ohio-130, (9th Dist.), as supplemental authority. In *Little*, the Ninth Appellate District reversed the trial court's judgment denying Little's leave to file a motion for new trial. The Ninth District Court of Appeals concluded that before denying the motion for leave to file for a new trial, the trial court must hold a hearing to determine whether the police report offered by Little in support of his motion constitutes *Brady* material. *Id.* at ¶19. Appellant suggests that we hold similarly.

{¶31} However, the instant case is factually distinguishable from *Little.* In *Little*, the police report, allegedly suppressed by the State, noted that the victim had a gun, which was contrary to the State's other testimony and consistent with the testimony of the defendant. *Little* at ¶ 13-14. The appellate court also noted that the State only provided the names of potential witnesses and failed to provide any information on what they would have testified to. *Id.* at ¶ 17.

{¶32} First, appellant does not establish that evidence was suppressed by the State. In fact, appellant speculates that such evidence might exist and that the possibility of its existence classifies it as *Brady* material. The lineup was presented at trial. It was thoroughly dissected by counsel at trial and discussed in appellant's prior direct appeal. The photo lineup marking contains nothing contrary to the evidence presented by the

11

Case No. 2024-L-046

State. The affidavits submitted by appellant do not clearly and convincingly establish that the evidence was willfully or inadvertently suppressed by the State as the affidavits do not establish that such evidence exists at all.

{¶33} As we previously acknowledged in appellant's direct appeal: "There are many other facts in the record supporting the conclusion that Griggs committed the robbery of GP Express in Parma" including the co-defendant's testimony, cell phone location pings which placed appellant in the Parma area at the time of the robbery, the fact appellant owned the a vehicle which matched the description of the getaway vehicle used in the Parma robbery, and that appellant paid several bills shortly after the robbery. *State v. Griggs*, 2015-Ohio-4635, ¶ 47 (11th Dist.). This Court concluded that despite Meghna's testimony identifying someone other than appellant, "[a]ll of these facts could be properly weighed against Patel's testimony . . . and lead the trier of fact to the conclusion that Griggs committed the Parma robbery." *Id.* Appellant has provided nothing in the court below or to this Court to suggest that the verdict is undermined.

{¶34} Assuming the evidence was suppressed, which is not supported by this record, the evidence appellant presents, when viewed in the context of the whole case, is insufficient to undermine confidence in the verdict. *See McNeal*, 2022-Ohio-2703, ¶ 21.

{¶35} We conclude that the documents presented by appellant in support of his motion for leave, on their face, do not demonstrate appellant was unavoidably prevented from discovering the new evidence within the 120-day time period. This evidence was readily apparent and available during trial and from the trial record. Further, there is nothing in the record to support the State suppressed any evidence in this case.

Case No. 2024-L-046

{¶36} As such, the trial court did not abuse its discretion when it denied appellant's motion for leave to file a motion for new trial without hearing. Appellant's sole assignment of error is without merit.

{¶37} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2024-L-046