[Cite as *State v. Griggs*, 2026-Ohio-2135.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-L-135 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| VALAUGN D. GRIGGS, | |
| Defendant-Appellant. | Trial Court No. 2014 CR 000456 |

## OPINION AND JUDGMENT ENTRY

Decided: June 8, 2026
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Valaugn D. Griggs*, pro se, PID# A662-822, Mansfield Correctional Institution, P.O. Box 788, 1150 North Main Street, Mansfield, OH 44901 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Valaugn Griggs ("Griggs"), appeals from the judgment of the Lake County Court of Common Pleas denying his motion for leave to file a motion for new trial pursuant to Crim.R. 33(B) without a hearing. Griggs argues that the trial court abused its discretion when it determined that he was not unavoidably prevented from discovering the proposed exculpatory evidence.

{¶2} Upon review, we conclude that the documents presented by Griggs in support of his motion for leave, on their face, do not demonstrate he was unavoidably prevented from discovering the new evidence within the 120-day period. Griggs cannot

establish that the State suppressed the evidence. The evidence on which Griggs relies in support of his motion was either readily apparent and available during Griggs's trial, could have been included in his prior motion for leave to file a motion for new trial, or does not exist. As such, the trial court did not abuse its discretion when it denied Griggs's motion for leave to file a motion for new trial without hearing. Further, Griggs's claim regarding his counsel's allegedly deficient representation on the prior motion for leave to file motion for new trial is res judicata barred and not properly before the court on appeal.

{¶3} Accordingly, the judgment of the Lake County Court of Common Pleas is affirmed.

### Substantive and Procedural History

{¶4} Over ten years ago, on August 8, 2014, Griggs was indicted by the Lake County Grand Jury for five counts of robbery, felonies of the second degree, in violation of R.C. 2911.02(A)(2) (Counts 1, 3, 5, 7, 9); five counts of robbery, felonies of the third degree, in violation of R.C. 2911.02(A)(3) (Counts 2, 4, 6, 8, 10); and one count of engaging in a pattern of corrupt activity, a felony of the first degree, in violation of R.C. 2923.32(A)(1) (Count 11).

{¶5} After waiving his right to a jury trial, a bench trial was held in October 2014.

{¶6} On October 14, 2014, the trial court found Griggs guilty of the ten counts of robbery, Counts 1 through 10. The trial court found Griggs not guilty on Count 11.

{¶7} A sentencing hearing was held on November 21, 2014. The trial court merged Counts 2, 4, 6, 8, and 10 with Counts 1, 3, 5, 7, and 9 for purposes of sentencing and imposed the following sentences on Counts 1, 3, 5, 7, and 9: "two (2) years on Count 1; three (3) years on Count 3; four (4) years on Count 5; four (4) years on Count 7); and

four (4) years on Count 9." The trial court ordered the sentences to be served consecutively to each other for an aggregate prison term of 17 years.

{¶8} Griggs filed a timely direct appeal. This court affirmed Griggs's convictions and sentence in *State v. Griggs*, 2015-Ohio-4635 (11th Dist.). Specifically, this court concluded that sufficient evidence was presented to support the convictions and that the convictions were not against the manifest weight of the evidence. *Id.* at ¶ 60. This court further affirmed the trial court's sentence and imposition of consecutive prison terms. *Id.* at ¶ 73. The Supreme Court of Ohio declined to accept jurisdiction. *See 06/29/2016 Case Announcements*, 2016-Ohio-4606.

{¶9} On May 16, 2024, approximately nine and a half years after his convictions, Griggs, through counsel, filed a motion for leave to file a motion for new trial instanter. In his motion for leave to file a new trial, Griggs alleged that the State withheld evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). In support of his motion for leave to file his motion for new trial, Griggs attached affidavits of James Cappara, a private investigator hired in 2021, and Nitik Patel, owner of the GP Express. He also attached a copy of the photo-lineup, State's Exhibit 43(C), which he claimed was acknowledged and signed by an unidentified third-party. The trial court denied the motion without hearing on June 6, 2024. The trial court concluded that Griggs did not establish by clear and convincing evidence that he was unavoidably prevented from discovering new evidence within the 120-day period. Crim.R. 33(B).

{¶10} Griggs appealed from this judgment. On March 3, 2025, this court affirmed the trial court's decision. *State v. Griggs*, 2025-Ohio-708 (11th Dist.). Griggs sought

Case No. 2025-L-135

reconsideration pursuant to App.R. 26(A). This court denied the application on April 29, 2025.[1]

{¶11} Over five months later, on October 6, 2025, Griggs filed a second motion for leave to file a motion for new trial pro se.  In his pro se motion, Griggs again alleged that the State suppressed evidence. Griggs asserted that Patel did see the perpetrators of the Parma robbery, that the State and police failed to disclose this fact; and that Patel did not sign the photo lineup admitted as State's Exhibit 43(C). Griggs claimed that the initials on State's Exhibit 43(C) belonged to an undisclosed, unidentified third party suppressed by the State and/or law enforcement. The State filed a response in opposition to Griggs's motion on October 14, 2025, asserting that Griggs's motion was untimely and the issues raised were barred by the doctrine of res judicata. Griggs filed his reply on October 27, 2025.

{¶12} On October 29, 2025, the trial court denied Griggs's motion for leave to file a new trial concluding that the arguments raised were barred by the doctrine of res judicata. Additionally, the trial court stated that Griggs' pleading provided

> no explanation for why – at a minimum – he could not have discovered this evidence before he filed his 2024 motion and raised it then. Nor has [Griggs] made any argument that he was unavoidably prevented from discovering this evidence within 120 days after trial, or that it was withheld by the State.

{¶13} Griggs appeals from this decision.

**The Appeal**

{¶14} Griggs raises three assignments of error for review on appeal:

> [1]. Abuse of discretion by trial court for wholly ignoring the remedy set forth by The Supreme Court of Ohio in State v. Bethel for suppression of any exculpatory evidence by police

---

1. Griggs did not appeal to the Supreme Court of Ohio.

Case No. 2025-L-135

and the state, which is to grant a Crim.R. 33(B) Motion for Leave because evidence of suppression satisfies "unavoidably prevented."

[2.] Ineffective Assistance of Counsel for misrepresenting or omitting the facts in his previous Motion for Leave filed, 5-16-2024 therefore misleading the court regardless of good or bad faith.

[3.] Abuse of discretion by trial court for not holding an evidentiary hearing on the prima facie case of the newly discovered evidence contained in affidavits presented.

{¶15} We address the first and third assignments of error together.

## Denial of Griggs's Crim.R. 33 Motion

{¶16} In his first and third assignments of error, Griggs asserts that the trial court erred when it denied his motion for leave to file a motion for a new trial without an evidentiary hearing. We disagree.

{¶17} In a motion for leave to file a motion for new trial pursuant to Crim.R. 33, "the defendant must establish that the new evidence: (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Grad*, 2024-Ohio-5710, ¶ 38 citing *State v. Petro*, 148 Ohio St. 505 (1947), syllabus. When the motion is filed more than 120 days after the trial ended, the defendant is further required to show "'by clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely.' *See* Crim.R. 33(B); *see also State v. Parker*, 2008-Ohio-5178, ¶ 16 (2d Dist.), quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146 (10th Dist.1984)." *Grad* at ¶ 38.

Case No. 2025-L-135

{¶18} In *State v. Vinson*, 2017-Ohio-5641, (11th Dist.), this court discussed the three options available to the trial court when a criminal defendant files a motion for leave for new trial.

> First, if it determines the documents in support of the motion on their face do not demonstrate the movant was unavoidably prevented from discovering the evidence, it may either overrule the motion or hold a hearing. *See State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 19 (2d Dist.) ("a trial court has discretion when deciding whether to grant leave to file a motion for new trial, or whether to hold a hearing on the issue"). . .. Second, if the trial court determines the documents submitted clearly and convincingly demonstrate the movant was unavoidably prevented from discovering the evidence, the court must grant the motion for leave and allow the motion for new trial to be filed. *See* Crim.R. 33(B). Third, if the trial court determines the documents on their face "support [the movant's] claim that he was unavoidably prevented from timely discovering the evidence, the trial court must hold a hearing to determine whether there * * * is clear and convincing proof of unavoidable delay." *State v. York*, 2d Dist. Greene No. 99–CA–54, 2000 WL 192433, *2 Feb. 18, 2000) (citation omitted).

*Vinson* at ¶ 18, citing *State v. Trimble,* 2015-Ohio-942, ¶ 16 (11th Dist.).

{¶19} "A defendant seeking to assert a *Brady* claim . . . is not required to show that he could not have discovered suppressed evidence by exercising reasonable diligence." *State v. Bethel*, 2022-Ohio-783, ¶ 25. Rather, a defendant "may satisfy the 'unavoidably prevented' requirement contained in Crim.R. 33(B) by establishing that the prosecution suppressed the evidence on which the defendant would rely in seeking a new trial." *State v. McNeal,* 2022-Ohio-2703, ¶ 2, 17, citing *Bethel* at ¶ 25, 59.

{¶20} "'There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or

inadvertently; and prejudice must have ensued.'" *State v. Bell*, 2022-Ohio-2335, ¶ 10 (11th Dist.) quoting *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). "Favorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley*, 473 U.S. 667, 682 (1985). A different result is reasonably probable when the government's evidentiary suppression undermines confidence in the outcome of the trial. *Bagley* at 678." *State v. Little*, 2025-Ohio-130, ¶ 16 (9th Dist.).

{¶21}   A trial court's decision on a motion for leave to file a motion for a new trial is reviewed under an abuse of discretion standard. *Grad*, 2024-Ohio-5710, at ¶ 47 citing *State v. Hatton*, 2022-Ohio-3991, ¶ 29. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary (8th Ed. 2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id*. at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id*.

{¶22}   Griggs's second motion for leave to file a motion for new trial was filed nearly eleven years after his trial concluded, which is outside the 120 days prescribed by rule. Therefore, the only issue before the trial court was whether Griggs was unavoidably prevented from timely moving for a new trial. *See State v. McNeal*, 2022-Ohio-2703, ¶ 21. The trial court concluded that Griggs's claims were barred by the doctrine of res

judicata and that Griggs failed to demonstrate that he was unavoidably prevented from discovering the evidence.

{¶23} The doctrine of res judicata precludes a defendant "from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Szefcyk*, 1996-Ohio-337, ¶ 12.

{¶24} Here, Griggs previously raised the issues presented in his October 2025 motion. The issues were raised in the trial court in his prior motion for leave filed in May 2024. This court reviewed and affirmed the trial court's decision denying the May 2024 motion. *Griggs*, 2025-Ohio-708 (11th Dist.).

{¶25} Specifically, in the entry denying Griggs's October 2025 motion, the trial court noted:

> In his 2025 pro se motion, Defendant again argues that Det. Connor testified that. . . Patel never viewed a photo array – the same argument he made in his 2024 motion, and the same argument that was rejected by this court and the Eleventh District. Defendant also submits a second Affidavit purportedly from . . . Patel and emphasizes that . . . Patel states in it that he did not mark on trial Exhibit 43C, this court considered that statement (which was also in . . . Patel's first Affidavit) and argument in denying the 2024 motion. Finally, [Griggs] argues that he has additional "newly discovered evidence" because . . . Patel stated in his second Affidavit that *his wife told him* that "it was two individuals that earlier came into the store, which I saw" who committed the burglary [which he did not see].

(Italics and Brackets in original.)

{¶26} Indeed, Griggs's claims regarding the markings on the photo lineup, State's Exhibit 43(C), and the affidavit of Patel, were thoroughly reviewed by this court. *Griggs* at

Case No. 2025-L-135

¶ 23-29. As the claims presented in Griggs' motion for leave have been raised, or could have been raised previously, either on direct appeal or in his initial motion for leave to file a motion for a new trial, the claims are barred by res judicata.

{¶27} Further, the trial court was not required to hold a hearing on Griggs's motion. "A defendant is 'only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue.'" *State v. Oneil,* 2023-Ohio-1089, ¶ 33 (11th Dist.), quoting *State v. McConnell*, 2007-Ohio-1181, ¶ 19 (2d Dist.). Indeed, an evidentiary hearing is not required, and leave may be summarily denied, "'where neither the motion nor its supporting affidavits embody prima facie evidence of unavoidable delay.'" *Id., quoting State v. Peals*, 2010-Ohio-5893, ¶ 23 (6th Dist.).

{¶28} The documents presented by Griggs in support of his motion for leave, on their face, do not demonstrate that he was unavoidably prevented from discovering the "new" evidence within the 120-day time period. This evidence was readily apparent and available during trial, from the trial record, or in the initial Crim.R. 33 motion. Further, there is nothing in the record to support Griggs's claim that the State suppressed any evidence in this case.

{¶29} Accordingly, the trial court did not err when it denied Griggs's motion without a hearing. Griggs's first and third assignments of error are without merit.

### Ineffective Assistance of Counsel

{¶30} In his second assignment of error, Griggs argues that he received ineffective assistance of counsel. Specifically, Griggs states in his brief to this court, "[c]ounsel was ineffective and his omissions were blatant because counsel

Case No. 2025-L-135

misrepresented major facts which mislead the court in the Crim.R. 33(B) motion for leave, filed 5/16/2024. . . ." This claim is barred by the doctrine of res judicata.

{¶31} First, Griggs appealed the denial of his May 2024 motion for leave to file motion for new trial. Griggs was represented by separate counsel in that appeal. Any argument concerning counsel's representations in regard to the May 2024 motion for leave to file a motion for a new trial should have been raised in the appeal from that judgment. As the Second Appellate District aptly explained in *State v. White*, 1991 WL 229975, *2 (2nd Dist. Oct. 17, 1991):

> It is a principle of appellate review that one may not in a subsequent appeal present for review an error which could have been presented for review in a prior appeal, but was not. The principle is based on the doctrine of *res judicata* as it applies to the jurisdiction of the courts of appeals to hear appeals from judgments or final orders. Any appeal is "a review of a cause upon questions of law, including the weight and sufficiency of the evidence", R.C. 2505.01(A)(2), and is from the entire final judgment or order concerned. Determinations on appeal become the law of the case concerning the issues decided. Further review of the same matter is barred under the doctrine of *res judicata.* Error encompassed in or affecting the final order but not presented is deemed waived, and as to a second appeal the same matter is also barred by the doctrine of *res judicata.* The doctrine applies to civil cases and criminal cases, as well.
>
> Errors alleged as grounds for a motion for new trial are subject to the same limitation if they are matters of record affecting a final order or judgment from which an appeal has been taken. Any prior determination by a court of appeals of specific error bars its further consideration as grounds for a motion for new trial; it has become the law of the case and is barred by *res judicata.* Any matter of record affecting the judgment or order which was *not* presented for determination to a court of appeals in a prior review is deemed waived, and the doctrine of *res judicata* bars its further consideration as grounds for a Crim.R. 33 motion for new trial, as well.

(Italics in original.)

Case No. 2025-L-135

{¶32} Griggs did not raise a claim of ineffectiveness of counsel in the appeal from the denial of his May 2024 motion for leave. As such, he cannot raise the claim now in the appeal from the denial of his October 2025 motion.

{¶33} Furthermore, Griggs did not argue prior counsel's allegedly deficient representation in his October motion for leave to file motion for new trial. Therefore, he cannot raise it for the first time on appeal. *State v. Brown*, 1998 WL 526735, *3 (6th Dist. Aug. 21, 1998), citing *Owners Mgt. Co. v. Moore* (1996), 111 Ohio App.3d 820, 825. See *State v. Hall*, 2009-Ohio-6379, ¶ 37 (11th Dist.).

{¶34} Accordingly, Griggs's second assignment of error is without merit.

## Conclusion

{¶35} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-135

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

JUDGE ROBERT J. PATTON

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.